Burton *v.* Blin.

—••●◎●••—

OSCAR A. BURTON *v.* JAMES S. BLIN.

*Promissory note.   Surety.   Waiver.   Burden of proof.   Usury.*
*Commission.   Custom.*

The defendant, as surety, executed two promissory notes to the plaintiff, amounting to $600,00, with the understanding, that the principal debtor upon the note was indebted to the plaintiff, upon account, to an amount which could not then be conveniently ascertained, and that the note was to stand as security to the plaintiff for the amount of that indebtedness, as it should be subsequently ascertained upon settlement.   The principal was indebted to the plaintiff individually and also to a firm, of which the plaintiff was a member; and the plaintiff, when he received the note, understood, that it was to stand as security for both classes of indebtedness; and the principal, being aware of this understanding on the part of the plaintiff, made no objection.   And it was held, that if the plaintiff, when he received the note, believed, that the defendant understood, that the note was to be good for both claims, the defendant was liable to that extent; but that otherwise the defendant, as surety, would be liable only for the amount of the plaintiff's individual account.

And it appearing, that the defendant, when called upon by the attorney of the plaintiff for payment of the first note, before the second note fell due, asked for delay, and said he would pay it as soon as he could, and subsequently,—which was also before the second note fell due,— made a partial payment, and promised to pay the rest soon, and said nothing about any defence, it was held, that the county court erred in instructing the jury, that this was in effect saying, that

Burton *v.* Blin.

there was no defence, and acknowledging the notes valid to the full amount,—it also appearing, that the amount of deduction claimed by the defendant was less than the amount of the second note.

If a party would avoid the effect of a promise made by him, by insisting that it was made in ignorance of material facts, the burden rests upon him of proving that he was thus ignorant.

A contract between a commission merchant and the owner of property intrusted to him to sell, which provides, that the commission merchant shall make advances of cash to the owner from time to time, as the property is delivered, and shall be allowed a specified commission for effecting sales, and legal interest for the money advanced, and also five *per cent.* for the money so advanced, is usurious and void to the extent of the five *per cent.*

Where goods are consigned to a merchant to sell, and he consigns them to another merchant to sell, a custom, for each merchant to charge the commission usually charged for a sale, is void, as being against common reason and common justice. *Spear* v. *Newell*, Rutland Co., cited by REDFIELD, J.

ASSUMPSIT upon two promissory notes, for $300,00 each, dated August 21, 1848, signed by Blin & Barstow and by the defendant, and by which they became, in terms, jointly and severally liable, and made payable to the plaintiff, one in six months, and the other in one year, from date, with interest. Plea, the general issue, and trial by jury, September Term, 1850,—BENNETT, J., presiding.

On trial, the plaintiff having given in evidence the notes declared upon, the defendant gave evidence tending to prove, that the defendant was surety upon the notes, and that Almon Blin and Barstow, who constituted the firm of Blin & Barstow, were the principals; that the plaintiff claimed, that there was a balance due to him from Blin & Barstow upon account, which was then open and unadjusted; and that the notes in suit were executed by the defendant, under an agreement made between the plaintiff, the defendant and the principals, that the only consideration for the notes was whatever balance there was then due to the plaintiff individually, and that, on an adjustment of the account, which it was agreed should be made at some future time, the notes were to stand as security only for the amount of such indebtedness to the plaintiff, as existed at the time of such agreement and the execution of the notes. The defendant also gave in evidence a written contract, executed by Blin & Bar-

stow, and by Nichols, Burton & Co., a firm of which the plaintiff was a member, dated December 22, 1847, by which it was agreed between them, that Blin & Barstow should deliver, at a wharf in Georgia, all the lumber of a certain description, which they should manufacture within a specified time, and might draw upon Nichols, Burton & Co., from time to time, as the lumber was delivered, for eight dollars for each one hundred pieces delivered, and that Nichols, Burton & Co. should sell the lumber, and be entitled to eight *per cent.* commission, and to charge, in addition to the commission, " the interest for all money advanced, till sold, and five *per cent.* for the money so advanced." The defendant also gave in evidence a note for $500,00, dated December 31, 1847, and a note for $300,00, ·dated December 8, 1847, both signed by Blin & Barstow and made payable to the plaintiff; and it appeared, by an indorsement upon the contract above mentioned, that the consideration of these notes was treated as an advance under the contract. The defendant also gave in evidence a note for $246,36, dated June 24, 1848, signed by Blin & Barstow, and made payable to Nichols, Burton & Co., or order, in three months after date,—which it appeared was given at its date by Blin & Barstow in settlement and payment of an account, which Nichols, Burton & Co. had against them. The evidence tended to show, that soon after the execution of the contract of December 22, 1847, above recited, and before any thing had been done under it, or any advance made upon it, the plaintiff, by some arrangement between himself and his co-partners, assumed individually the whole contract, and the firm retained no interest in it,— of which Blin & Barstow received immediate notice. The evidence on the part of the defendant tended to show, that the amount of the plaintiff's claims against Blin & Barstow, at the date and delivery of the notes in suit, was less than the amount of the notes.

The evidence farther tended to prove, that, under the agreement between the plaintiff, the defendant and Blin & Barstow, above mentioned, in reference to the giving of these notes, the notes were written by the plaintiff, in the presence of Almon Blin, and that Almon Blin took the notes to the defendant, who was temporarily at St. Albans Bay, and a few rods distant from where the notes were written, to be signed; that the defendant signed the notes, and Almon Blin then carried them back and delivered them to the plain-

tiff, expecting that the plaintiff's claims against Blin & Barstow were to be examined and the amount ascertained at some future day; but that the plaintiff thereupon delivered to Almon Blin a bill of his account against Blin & Barstow,—in which Blin & Barstow were debited by the advances made upon the contract of December 22, 1847, with interest computed to September 1, 1848, and by the amount of the five *per cent.* upon the advances, provided for by the contract, amounting to $49,00, and by the amount of the note to Nichols, Burton & Co., for $246,36, and were credited by the amount of the two notes in suit, $600,00, and showing a balance still due to the plaintiff of $40,39,—and also delivered to him the note for $246,36, above mentioned,—which had not then become due,—and at the same time said to him, that he might take the pa- papers and examine them, and if there was any thing wrong, the plaintiff would make it right; that Almon Blin took the papers, and did not examine the items, but looked at the amount, and also saw, that the plaintiff had delivered back the note to Nichols, Burton & Co. and had charged it in the account,—and he thereupon executed his note to the plaintiff for the balance shown by the account, $40,39, and immediately left for home; that this statement of the account had not, at any of the previous interviews, been exhibited by the plaintiff, or read by the defendant, or by Blin & Barstow; and that the defendant was not present at this delivery of the notes and papers, but returned the next morning to Shelburne, where he resided, and did not see Almon Blin for some months, and had no knowledge, until after the commencement of this suit, of what took place between Almon Blin and the plaintiff upon the delivery of the notes, or that any adjustment had been made of Blin & Barstow's account with the plaintiff.

The plaintiff called as a witness L. E. Chittenden, the attorney with whom he had left for collection the notes now in suit,—who testified, in substance, that in July, 1849, previous to July 19th, he applied to the defendant, " and asked him to pay the note ;" that the defendant wanted some delay, and said he would pay it as soon as he sold his wool; and that on the 19th of July he paid the witness $200,00, and said he would pay the rest soon,—but said nothing about any defence.

The defendant claimed, that he was not liable for the whole

Burton *v.* Blin.

amount of the notes, and that the amount of the Nichols, Burton & Co. debt, in the bill delivered by the plaintiff, ought to be deducted from the notes, on the ground, that it was not a debt, for which the notes were given,—and that the item for five *per cent.* for advances, stipulated in the contract of December 22, 1847, and stated in the account, ought to be deducted, on the ground that it was usury and did not constitute a valid claim,—and requested the court so to instruct the jury.

But the court charged the jury, that the liability of the surety could not be more, but might be less, than that of the principal; that although the agreement might have been, as claimed by the defendant, that the notes should stand as security for what was due to Burton individually, yet if Almon Burton made no objection, when the bill of the account and the note to Nichols, Burton & Co. were delivered to him, and when he saw, that the note to Nichols, Burton & Co. was included in the account, this would be such an acquiescence and change of the agreement, as would bind the principals, and would render the notes valid against them for the full amount; —but that if the defendant was surety merely, and, at the time he executed these notes, did it with the agreement, that it was to be only for Burton's individual debt, and Burton knew it, the defendant's liability cannot be extended, if he has not done any act since to vary it; but that it must also appear, that the plaintiff understood, at the time he received the notes, that the surety so understood it; and that, if the plaintiff did not so understand it, he could not be affected by the agreement,—but if he took the notes with notice of such agreement, he is bound by it, and cannot hold the surety beyond the agreement.

The court farther charged the jury, that although it did not appear from Chittenden's testimony, that the defendant said in terms, that there was no defence to the notes, yet that he promised to pay the whole, without objection; and that this was in effect saying, that there was no defence, and acknowledging the notes valid to the full amount;—and that, if the defendant, after knowing the facts, did promise to pay the notes, it bound him to their full amount; but that, if this promise were made in ignorance of the facts, it would not bind him; but that it was for the defendant to show, that he made this promise in ignorance of the facts. The court farther

charged the jury, that if the five *per cent.* was charged as usury, and as a cover for usury, and not for any expense the plaintiff might incur in raising the money, it would be usury.

The jury returned a verdict for the plaintiff, for the whole amount of the notes and interest, deducting the payment of $200,00. Exceptions by defendant.

*A. Peck* and *L. Underwood* for defendant.

There was no consideration for the notes, beyond the amount due at the time of their execution upon the plaintiff's individual account; and it was not competent for the plaintiff and the principals to extend the liability of the surety. The item of $49,00, for five *per cent.* for advances, and the overcharge of interest, and the item for the Nichols, Burton & Co. debt, should have been deducted from the notes. The agreement in reference to the five *per cent.* is an agreement for usury, upon the force of the contract. The charge of the court in reference to this item was erroneous;—1. Because it was usury upon the face of it;—2. Because expense for raising money to loan at interest is usury;—3. Because there was no evidence, that the five *per cent.* was for any such expense, or that any was incurred; but the whole evidence is, that it was for the use of the money. *Meagoe* v. *Simmons,* 22 E. C. L. 266. *Parker* v. *Ramsbottom,* 10 E. C. L. 69. *White* v. *Wright,* Ib. 75. *Fanning* v. *Dunham,* 5 Johns. Ch. R. 122. *Steele* v. *Whipple,* 21 Wend. 103. *Harris et al.* v. *Boston,* 2 Camp. 348. *Dunham* v. *Day,* 13 Johns. 20. *Hine* v. *Handy,* 1 Johns. Ch. R. 6.

This want of consideration is not supplied by the testimony of Chittenden. A promise never supplies the want of a consideration, nor cures an illegal consideration. The promise in writing, contained in a promissory note, does not cut off the defence of usury; and a parol promise cannot be more binding.

The court erred in charging the jury, that the burden was upon the defendant, to show that he made the promise to Chittenden in ignorance of the facts. *Blesard* v. *Hirst et al.,* 5. Burr. 2670. *Crain* v. *Colwell,* 8 Johns. 384. *Duryea* v. *Dennison,* 5 Ib. 248. *Agar* v. *McManus,* 11 Ib. 187. *Griffin* v. *Goff,* 12 Ib. 453. *Trimble* v. *Thom,* 16 Ib. 152. *Miller* v. *Hackley,* 5 Ib. 375. *Sice* v. *Cunningham,* 1 Cow. 397. *May* v. *Coffin,* 4 Mass. 341. *Berkshire*

*Bank* v. *Jones*, 6 Ib. 524.   *Garland* v. *Salem Bank*, 9 Ib. 408.
*Farrington* v. *Brown*, 7 N. H. 271.   *Merrimack Co. Bank* v. *Brown*,
12 Ib. 321.   *Carter* v. *Burley*, 9 Ib. 559.   *Woodman* v. *Eastman*,
10 Ib. 359.   *Otis* v. *Hussey*, 3 Ib. 347.

The court erred in charging the jury, that the principals were
liable upon the notes, as matter of law, to their full amount.

*C. D. Kasson* and *L. E. Chittenden* for plaintiff.

The charge as to the five *per cent.* commissions was correct.   It
is necessary, that there should be a corrupt intent to avoid the
statute, to make it usury.   The plaintiff computed the five *per cent.*
upon the money paid for the lumber, instead of the money received
for it.  *Suydam* v. *Westfall*, 4 Hill 211.   *Hall* v. *Daggett*, 6 Cow.
653.   *Bartlett* v. *Williams*, 1 Pick. 288.   *Trotter* v. *Curtis*, 19
Johns. 160.

It does not appear, that the plaintiff knew that the defendant
signed the note with any understanding, that it was to secure the
private debt of the plaintiff; and unless he knew of this, the defend-
ant, having placed his name in the hands of the principal, therewith
conferred an implied authority upon him to pass the note on such
consideration as he chose, and the plaintiff had a right to so take it.
Hence the surety cannot set up any right here, which the principal
cannot; and as the case shows, that the items of charge were made
and delivered to the principal at the time of the delivery of the note,
and always acquiesced in, it would bind the principal, as matter of
law; and the subsequent promise of the defendant to pay was wholly
immaterial, and any decision on that point cannot affect the verdict.
The charge as to the effect of the testimony of Chittenden was cor-
rect.   Chit. on Bills 500.   *Lundie* v. *Robertson*, 7 East 231.

The charge of the court in reference to the *onus probandi* was in
accordance with the rule of law.   Chit. on Bills 500.   7 East 231.
*Solomans* v. *Bank of England*, 13 East 135.   *Munroe* v. *Cooper*, 5
Pick. 412.   *Woodhull* v. *Holmes*, 10 Johns. 231.   *Owen* v. *Bar-
tholomew*, 9 Pick. 521.   *Mercer* v. *Chase*, 43 E. C. L. 415.

The opinion of the court was delivered by

REDFIELD, J.   The testimony on the part of the defendant, as
stated in the bill of exceptions, is, that the note was executed by the

defendant, as surety for Blin & Barstow, under an agreement between the plaintiff, the defendant and the principals, that the only consideration for the note was whatever balance there was then due to the plaintiff individually, and that, on a farther adjustment of the dealings, the note was to stand good for the amount of this indebtedness.

The plaintiff, soon after the making of the contract between Nichols, Burton & Co. and Blin & Barstow, assumed the contract on the part of his firm, and they had no interest in it after that assumption. The defendant's testimony tended to show, that Blin & Barstow's indebtedness to Burton alone, at the date of the notes, was less than the amount of the notes. The testimony also showed, that, under the contract, above recited, between the plaintiff, the defendant and Blin & Barstow, the notes were written, and were signed by the defendant, and were handed to Blin, of the firm of Blin & Barstow, who gave them to the plaintiff, with the same understanding; but that, after the note was delivered, and at the same interview, the plaintiff delivered to Blin the bill of the account,—which included the account in favor of Nichols, Burton & Co., and Blin & Barstow's note to Nichols, Burton & Co., given on settlement of account. The plaintiff said, that if the account was not correct, it should be made so; and Blin did not examine it, farther than to see, that it included Nichols, Burton & Co.'s note against Blin & Barstow; and the account had not been exhibited to the defendant before that, at the negotiations between the parties. Blin gave his note for the balance, $40,39, at the time. The defendant was not present, at the time the notes were delivered to the plaintiff, and knew nothing of the circumstances for several months.

The charge of the court, in regard to this portion of the case, seems to be correct. If Burton took the note, supposing the defendant expected it to be good both for his claim and for that in favor of the company, or for what Almon Blin passed it for, the defendant is liable. But if the plaintiff, at the time he took the note, knew that the defendant signed it with the expectation, that he should only be holden for the plaintiff's individual claim, then he is only liable to that extent.

The court think, that the five *per cent.*, charged upon money advanced, in addition to the interest, is *usury*, and that it is not com-

Burton *v.* Blin.

petent to submit it to a jury to purge that portion of the contract from its illegality, by presuming, in the absence of all proof or probability, that it might have been something else.

It was decided by this court, many years ago, in the county of Rutland, in the case of *Spear* v. *Newell,* not reported, that a custom of merchants in New York, when goods were consigned to merchants for sale and they again consigned them to others to sell, for each house to charge a commission of two and a half *per cent.,* the usual commission for selling goods, was void, as against common reason and common justice.    Probably the same reply might, with propriety, be made to the pretence of calling this five *per cent.* a commission for receiving the money.

It seems to us, also, that too much importance was given to the testimony of Chittenden.    That was upon the nineteenth day of July, 1849,—before the second note fell due.    The conversation then could not with fairness have been extended beyond the note then demanded, and which was then due.    The deduction now claimed would more than be covered by the other note; and the defendant might have omitted to make this claim for deduction upon the ground, that it could with more propriety have been claimed out of the last note.

It is very questionable, whether, if the defendant made out a defect of original consideration, a mere naked promise to pay the note would supply the defect.    But under the circumstances it must amount to the same; for it would show, if made with a full knowledge of the facts, that such had at some former time been the understanding of the defendant,—and if of him, *a fortiori* of Blin & Barstow.

As to the burden of proof, it does not seem to have been of any importance.    But, as a general rule, it is fair to say, that the burden of proof rests upon both parties, to make out their own part of the case; and as the defendant claimed the benefit of his own ignorance of the facts, we do not see very clearly, why the charge was not correct.    But the two facts are so intimately connected, that we do not comprehend, how they could very well be separated in the mind of the jury.    It is not common to separate the same proposition into its elements, in order to shift the burden of proof.

Judgment reversed and case remanded.