## JOSEPH W. MERRIAM vs. SAMUEL K. BAYLEY.

In an action against an insolvent debtor, to recover a debt, from which he has been discharged, the plaintiff must prove a distinct and unequivocal promise to pay the debt; and the mere payment of a part of a note so discharged, and the in dorsement thereon by the debtor of the sum paid, are not sufficient to authorize a jury to infer such distinct and unequivocal promise to pay the residue.

THIS case was submitted to the court of common pleas, upon an agreed statement of facts, from which the court were to draw such inferences, as, in their opinion, ought to be made by a jury.

From this statement, it appeared, that the defendant gave the plaintiff his promissory note, dated November 28, 1839, for the sum of one hundred and forty-six dollars and fifty cents, payable to the plaintiff, or his order, on demand, in sixty days; that, on the 10th of July, 1840, the defendant obtained his discharge, as an insolvent debtor ; that the note was not proved or offered for proof against the defendant's estate, under the proceedings in insolvency ; that, at the time of making the note, both the parties to it were, and ever since had been, citizens of this commonwealth ; and, that, on the 5th of January, 1841, the defendant paid the plaintiff twenty-five dollars in part of the note, and, at the same time

7 *

indorsed the payment thereof on the note, with his own hand, in the words and figures following, namely : "January 5th, 1841. Received of the within twenty-five dollars. $25."

On the facts thus stated, judgment was rendered for the defendant; the plaintiff, thereupon, appealed to this court.

*W. J. Hubbard*, for the plaintiff.

*C. A. Welch*, for the defendant.

METCALF, J. The only question in this case is, whether a jury ought to infer, from the facts agreed, that the defendant has made such an acknowledgment or promise as binds him to pay the sum which remains unpaid on his note. .

The plaintiff's counsel rely on the effect given to part payment, in taking a case out of the operation of the statute of limitations, and insist that the same effect should be given to the payment made in this case. The only authority cited, which tends to support this position, is *Alsop* v. *Brown*, 1 Doug. 192, where lord Mansfield is reported to have said, that if a certificated bankrupt had paid interest on his bond, " he might be liable, as on a new contract," to pay the principal. But it was afterwards held by lord Ellenborough, that in a suit on a new promise, made by a bankrupt, to pay a debt from which he had been discharged, the plaintiff must prove a distinct and unequivocal promise to pay it. *Lynbuy* v. *Weightman*, 5 Esp. R. 198 ; *Fleming* v. *Hayne*, 1 Stark. R. 370. And so the recent English writers state the law to have been, before *St.* 6 Geo. IV. *c.* 16, § 131, required such promises to be in writing, and signed by the party, or by some person thereto authorized by him in writing. Esp. on Bankrupt Laws, 340 ; 1 Cooke's Bankrupt Laws, (8th ed.) 504 ; Wilkinson on Lim. 152 ; 1 Steph. N. P. 148. The same strict rule of proof is applied to new promises alleged to have been made by discharged insolvent debtors. *Mucklow* v. *St. John*, 4 Taunt. 613 ; *Brook* v. *Wood*, 13 Price, 667 ; *Depuy* v. *Swart*, 3 Wend. 139 ; *Moore* v. *Viele*, 4 Wend. 422. We think this is a fit and salutary rule, and that it must be applied to the case before us. It therefore follows, that a jury ought not to infer, from the mere fact that the defendant paid part

of his note to the plaintiff, and indorsed thereon the sum paid, that he made a distinct and unequivocal promise to pay the rest of it.    Part payment is not of itself conclusive, even to take a case out of the statute of limitations.    The circumstances that attend such a payment may wholly disprove a promise to pay any more.    *Wainman* v. *Kynman*, 1 Welsb. Hurlst. & Gord. 118.

*Judgment for the defendant.*