[No. 586.  Decided December 19, 1892.]

A. McKENZIE· AND PATRICK GIBBONS, *Repondents*, v.
OREGON IMPROVEMENT COMPANY, *Appellant*.

TRIAL — ADMISSION OF TESTIMONY — NEGOTIABLE INSTRUMENTS — WANT OF CONSIDERATION — BURDEN OF PROOF.

Error in refusing to admit testimony is cured by its admission later on, even though such a course may prevent a party's presenting his evidence to the jury in a systematic manner.

In an action upon a draft executed by defendant to plaintiffs in settlement of an account for the construction of certain embankments, to which defendants interposed the defense that, at the time of its acceptance defendant was ignorant of the fact that a large quantity of perishable material had been used in such embank-

ments and estimated as earth, and that there was in consequence no consideration for the draft, the burden of proof is upon defendant to establish want of consideration by a preponderance of the testimony.

*Appeal from Superior Court, King County.*

*Andrew F. Burleigh*, for appellant.

*Stratton, Lewis & Gilman*, for respondents.

The opinion of the court was delivered by

DUNBAR, J. — The respondents were railroad contractors and builders, and in May, 1890, entered into a contract with the Seattle & Northern Railway Company for clearing and grading a certain number of miles of roadbed and laying a certain number of miles of track. After the completion of the work contracted for, a settlement was made, and a balance of account struck between the parties, by which it appeared that over forty thousand dollars was due the respondents. The Oregon Improvement Company, as the financial agent of the Seattle & Northern Railway Company in the settlement of said balance, gave to respondents a check for $10,135, and drafts payable in thirty, sixty and ninety days, respectively, in which series the draft sued upon in this case was the last. The face value of this draft was $10,175, and was drawn by the local treasurer of the Oregon Improvement Company upon the president of the company at New York, and duly accepted by said president. The check and the first two drafts were paid in due course. Payment of the last draft was refused, appellant claiming that before the draft sued upon had become due and payable, certain facts had come to light and various discoveries had been made concerning the work done by the respondents, which led the agents of the appellant to believe that they had been deceived concerning said work, and that the respondents had already been paid more than the value of the work performed by

them, and appellant thereupon refused to pay the said draft when presented for payment. Thereupon the respondents brought suit to recover the face value of the said draft, together with interest thereon from the time it became due. The appellent admitted the execution of the draft, but pleaded want of consideration for the reasons above stated. Upon the issues thus made a trial was had, which resulted in a verdict and judgment for respondents, from which judgment an appeal is taken to this court.

The first contention of the appellant is, that the court erred in refusing to allow it to prove that in the embankments, called for by the contract, a large quantity of perishable material was used; that the amount of that perishable material, at the measurement and at the price provided for in the contract, exceeded the amount of the draft, and that plaintiffs were not entitled to receive in consideration of such embankments any portion of the money covered by this draft, because of the including within the estimates the perishable material which was estimated as earth.

This character of testimony was first rejected by the court; whether properly or not, under the pleadings, it is not necessary to determine, because later on the court admitted the testimony. It is claimed by appellant that this course of the court threw its case into confusion, and prevented it from presenting its evidence to the jury in a systematic manner, and that it was thereby prejudiced. But we think no error can be predicated upon the action of the court in this respect. It may be more convenient for counsel to present their evidence in a particular manner, but certainly the main object of a trial is to present the testimony to the jury — the order of time in which it is presented cannot be material. In this case a perusal of the record shows that almost every conceivable question concerning the character of the work done by respondents was gone into, as well regarding the quantity as the quality of

the work; every minutia and every test was submitted to the jury; page after page of testimony was taken tending to show that the embankments were made of logs and other perishable material, contrary to the terms of the contract. All this testimony went to the jury, and there can be no presumption that the jury is so incompetent that it cannot understand or properly weigh testimony without it is presented to it in regular order so far as time is concerned.

The main contention of the appellant, however, is that the court erred in instructing the jury that the burden of proof was upon the defendant to establish the want of consideration for the draft.    That portion of the instruction objected to is as follows:

"If the said defendant has not satisfied you by a preponderance of the evidence that there was fraud or mistake existing at the time of said statement of account, which fact it did not know, and has not proven by a preponderance of the evidence that there was no consideration for the said draft, or any part thereof, you must find a verdict for the plaintiff."

The appellant contends that the law applicable to the collection of promissory notes where want of consideration is pleaded is applicable to this case; and for the purposes of this case we will consider it from that standpoint.    It is conceded by the appellant that by reason of the credit given to commercial paper, that a note or draft itself imports a consideration, and that a plaintiff upon a presentation of a note has made out a *prima facie* case upon which he could take judgment in the absence of proof of want of consideration by the defendant.    But it is insisted that when evidence is offered to rebut the presumption of consideration, that the burden devolves upon the plaintiff to establish the consideration by a preponderance of all the testimony.

The leading case sustaining this view, which we will, for convenience, denominate as the Massachusetts rule, is *Pow-*

*ers v. Russell*, 13 Pick. 69. But a distinction is sought to be established in that case to the effect that when the party seeking to avoid the *prima facie* case, instead of producing proof which would go to negative the same proposition of fact, proposes to show another and distinct proposition which avoids the effect of it, then the burden of proof shifts and rests upon the party proposing to show the latter fact. And appellant insists that the failure to appreciate these distinctions, and the further distinction between want of consideration and failure of consideration, has caused the conflict of authority on this question. There is probably some truth in this statement, for it seems to us that they are impracticable distinctions, tending to confuse rather than enlighten, and that no good reason can be given for their observance. If want of consideration is an affirmative defense, it should be an affirmative defense all the time, no matter how it is sought to be established, whether by directly showing that there was no consideration, or by proof of some independent fact, which shows that there was no consideration. The ultimate fact to show in both cases is that there was no consideration. Under the rule sustaining these distinctions, various questions will arise as to what are independent propositions; for instance, in this case, a question might reasonably arise whether or not the failure of these plaintiffs to perform their contract according to its terms was an independent proposition, the establishment of which fact would rebut the presumption of consideration. It is a mistake of fact that defendant pleaded, and it bases its right to avoid the payment of the draft on the fact of this mistake.

A consideration of the cases which indorse the doctrine of *Powers v. Russell*, *Delano v. Bartlett*, 6 Cush. 364, *Perley v. Perley*, 144 Mass. 104 (10 N. E. Rep. 726), and *Manistee National Bank v. Seymour*, 64 Mich. 59 (31 N. W. Rep. 140), which are the cases generally referred to, shows

that they are not uniform on this subject, or on the question of when the burden of proof shifts.    Thus, in the case of *Manistee National Bank v. Seymour, supra,* a case largely quoted from by appellant, the court, after announcing the doctrine of *Powers v. Russell,* sums up as follows:

"When evidence is introduced which rebuts the presumption, it disappears as evidence in the case, unless upon consideration of the whole testimony introduced upon both sides, the weight of the evidence is equally balanced.    Then the presumption arising from the usual course of business in regard to commercial paper would turn the scales in plaintiff's favor, and entitle him to a verdict."

This, it seems to us, is exactly what the court instructed the jury in this case.    A great deal of discussion has been indulged in as to the meaning of the terms "burden of proof" and "preponderance of testimony."    It would seem that there ought not to be any misunderstanding or confusion in the use of these terms.    The weight or preponderance of testimony is that which turns the scales which before its introduction were equally balanced.    It might be defined as the excess over the amount of testimony necessary to balance the scales; and when we say the burden of proof is on a party, we mean simply that he must furnish that excess before he is entitled to a verdict. So that when the Michigan court says that when the weight of testimony is equally balanced that the presumption arising from the usual course of business would turn the scale in plaintiff's favor and entitle him to a verdict, it said in substance what the court in this case said when it told the jury that if the want of consideration was not proven by a preponderance of the evidence, they must find for the plaintiffs.

In *Campbell v. McCormac,* 90 N. C. 491, a case cited by appellant, after deciding very briefly that the burden was upon the plaintiff to establish the consideration, cites ap-

provingly Story on Promissory Notes, § 181, where that author says:

"Between the original parties, and *a fortiori* between others who by endorsement or otherwise become *bona fide* holders, it is wholly unnecessary to establish that a promissory note was given upon a consideration; and the burden of proof rests upon the party to establish the contrary, and to rebut the presumption of validity and value which the law raises for the support and protection of negotiable paper."

It seems clear to us that if the burden of proof rests upon the other party to establish the contrary, and that there is no distinction between the original parties and third persons, it necessarily follows that the party pleading the want of consideration must prove it by a preponderance of testimony, and that while the North Carolina court reasoned admirably its conclusions were not in harmony with its reasoning. In answer to the proposition that the burden of proof never shifts, but is on the plaintiff all the time, the learned court might have added the remaining portion of the section quoted from Story, which is as follows:

"Still, however, this does not dispense, as we shall presently see, with the existence of an actual, valid and valuable consideration to support the note; but it only shifts the burden of proof from the plaintiff to the defendant."

"This follows," says Judge Story, "from the rule that the burden of proof is shifted by rebuttable presumptions of law and by presumptions of fact that establish a *prima facie* case;" *stabitur præsumptioni donec probetur in contrarium.* And many authorities are cited to sustain the text. Even in Massachusetts, where the principle announced in *Powers v. Russell* is most strictly adhered to, confusion has arisen, and conflicting decisions have been made, by attempting to maintain these subtle distinctions. Thus, in *Delano v. Bartlett, supra,* the court tries to reconcile its de-

cision with the decision in *Jennison v. Stafford*, 1 Cush. 168, where it is held that where a want of consideration is relied on in defense to an action on a promissory note, and evidence is given in the affirmative and on the other side in the negative, as to the consideration, the burden of proof is upon the defendant to satisfy the jury upon the whole evidence of the fact, by saying that, in that case, "the defense was not an original want of consideration, but a failure of consideration; that is, to avoid the *prima facie* case of the plaintiff made by producing the note, the defendant proposed to show another and distinct proposition."

The fact is, that the want of consideration in that case was no more based on an independent proposition than it is in the case at bar, but the defense was a promise to forbear to sue, and that had to be proven; here the defense is nonperformance of a prior contract, which has to be proven in the same manner.    Continuing, the court, in *Delano v. Bartlett*, says:

"There is a sentence in this opinion (referring to the *Jennison v. Stafford* case) which may be misunderstood. The judge, in delivering the opinion, says: 'Such a note is presumed to be founded on a valid and sufficient consideration, and the burden of proof is on the maker to establish the contrary.'    This must be understood to mean, that the burden of proof is on the maker to rebut the *prima facie* case made by producing the note, otherwise the *prima facie* evidence will be conclusive."

But it was evidently not the intention of the court in *Jennison v. Stafford* to give any such a limited or circumscribed meaning to this language, for it cites, in support of its conclusion, § 181 of Story on Promissory Notes, before referred to.    It would be an easy matter to reconcile cases if it could be effected simply by asserting that the court did not intend to say what it *did* say, and did not intend to decide what it *did* decide.

*Burnham v. Allen*, 1 Gray, 496, is another instance of

the confusion arising from the uncertainty of this rule. There Chief Justice SHAW, who also wrote the opinion in *Powers v. Russell*, finds it necessary to explain the words used by the judge below as follows:

" When in the above sentence the learned judge used the phrase, 'unless the defendant introduced evidence,' we understand him to mean, as above stated, that after the production and proof of the signing of the note, and after thus establishing a *prima facie* case, the plaintiff would be entitled to a verdict, unless the defendant could show, from the whole evidence, want or failure of consideration, or leave the proof so doubtful as to enable the jury to say that the plaintiff had not satisfactorily proved a consideration."

The statement that the plaintiff would be entitled to a verdict unless the defendant should show from the whole evidence want or failure of consideration, certainly casts the burden of proof upon the defendant to show want of consideration, and is directly opposed to the doctrine laid down by the same judge in *Powers v. Russell*, viz., that the defendant is entitled to a verdict unless the plaintiff should show a consideration from the whole evidence.

We have reviewed these cases for the purpose of showing, as we before mentioned, that this is an uncertain and unsatisfactory rule, tending to promote confusion and misunderstanding, while the rule that the burden of proof is always on the party pleading want of consideration, and that no distinction exists between want of consideration and failure of consideration, or between want of consideration proven directly, or by the establishment of an independent proposition by way of avoidance of the payment of the note, is more direct, certain and unequivocal, and more in harmony with the general rules of pleading.

The general rule is, that he who pleads an affirmative proposition must establish it by a preponderance of testimony. Was want of consideration in this case an affirma-

tive defense? It is said by all the authorities that the law imports a consideration to commercial paper of this character, and that it is not necessary to plead the consideration. On the pleadings in this case, the execution of the draft having been admitted, the plaintiffs would have been entitled to a judgment; that judgment could only be obviated then by affirmative proof of some facts constituting a defense. This is the view taken by the appellant, for he says in his brief, page 8, in discussing the first proposition, ''The defendant had pleaded affirmatively want of consideration, and now in order to support that plea, offered evidence tending to show,'' etc. Further, we think the overwhelming weight of authority is opposed to the Massachusetts rule. See Story on Promissory Notes, § 181, cited above.

Whoever desires any court to give judgment as to any legal right or liability dependent upon the existence or non-existence of facts which he asserts, or denies to exist, must prove that those facts do or do not exist. Reynolds' Stephens on Evidence, p. 140.

Illustration: It appears upon the pleading that A is indorsee of a bill of exchange; the presumption is that the indorsement was for value, and the party interested in denying this must prove it.

The test of where the purden of proof lies is thus stated by Starkie on Evidence, page 586:

''Who would fail if no evidence were given? must be decided by the answer to the further question, Who alleges and is bound to prove the affirmative? . . . Thus the proof of an allegation of deficiency lies on the party who alleges it, although it imply a negative, for this is not to prove a mere negative, but to prove an actual relation in point of magnitude or value.''

The author then at length proceeds to show that by alleging affirmatively is to be understood: ''The allegation of

any new matter or relation, the truth of which is essential
to the allegant's case.''

If a party would avoid the effect of a promise made by
him by insisting that it was made in ignorance of material
facts, the burden of proof rests upon him of proving that
he was thus ignorant. *Burton v. Blin*, 23 Vt. 151.   That
is what the appellant is asking to be allowed to do in this
case.   It wants to avoid the payment of the draft by prov-
ing that it was made in ignorance of the fact that the work
was not done according to contract.

The best test that can be devised for ascertaining on
whom the burden of proof lies is, first to consider which
party would succeed if no evidence were given on either
side, and secondly, to examine what would be the effect of
striking out of the record the allegation to be proved, bear-
ing in mind that the *onus* must lie on whichever party would
fail if either of these steps were pursued.   1 Taylor on
Evidence, § 365.   In the case at bar, according to all the
authorities, plaintiffs must have prevailed if no testimony
had been offered on the question of non-consideration; and
it is also universally conceded by the authorities that by
reason of the credit given to commercial paper, and the
presumption which attaches, that when it is legally exe-
cuted, it is executed for a consideration, the defendant must
fail if there is no allegation of non-consideration.

''The true test to determine where is the burden of proof,
is, to consider which party would be entitled to the verdict
if no evidence were offered on either side; for the burden
of proof lies on the party against whom, in such case, the
verdict ought to be given.'' *Veiths v. Hagge*, 8 Iowa, 163.

Mr. Wharton, in his work on Evidence, during an ex-
haustive examination of this subject, says, in § 357:

''It makes no difference, therefore, whether the actor is
plaintiff or defendant, so far as concerns the burden of
proof.   If he undertake to make out a case, whether affirm-

ative or negative, this case must be made out by him, or judgment must go against him.   Hence, it may be stated, as a test admitting of universal application, that whether the proposition be affirmative or negative, the party against whom judgment would be given, as to a particular issue, supposing no proof to be offered on either side, has on him, whether he be plaintiff or defendant, the burden of proof, which he must satisfactorily sustain.''

To illustrate the text, incidents are given substantially like the case at bar.

''It is observable that there is a presumption of consideration in favor of all negotiable instruments, and that, therefore, it is not necessary in the first instance either to aver or prove actual consideration, the burden of proof being on him who denies it.''  2 Am. & Eng. Enc. of Law, p. 372.

The text is fully supported by the citations, and if it be true that the plaintiff need not plead consideration, that the only way that want of consideration can be made an issue is by the averment of the defendant, it is plain that in accordance with all general rules of pleadings, he should be called upon to sustain the issue he has made.   The distinction sought to be maintained by the appellant between want of consideration and failure of consideration is thus tersely disposed of in § 566, Randolph on Commercial Paper:

''The burden of proving any consideration, so far as it rests upon the plaintiff at all, is fully satisfied by proving the instrument itself.   The burden of proof of want of consideration is in all cases upon the defendant setting it up. In like manner, the burden of proving failure of consideration is upon the defendant.''

The instructions in this case seem to have implicitly followed the law as laid down in Sackett's Instructions to Juries, and that author sweeps aside all the distinctions claimed by the appellant between want of consideration and failure of consideration, and proof of independent facts, etc., where he says, in § 35, p. 449:

"And the burden of proving *any* defense to said note is upon the defendant, and unless he has proved his alleged defense, by a preponderance of evidence, the jury should disregard such defense in arriving at their verdict."

The instruction is specific with regard to want of consideration.    Proceeding, § 36:

"The jury are further instructed, that the law implies that every promissory note that is made and delivered was given for a good and valuable consideration; and, in this case, the burden is on the defendant to prove, by a preponderance of the evidence, that the note in question was given without consideration, and unless he has done this, the jury should find for the plaintiff."

And so, without further particularizing, we are satisfied that the overwhelming weight of authority, as well as the better reasoning, support the proposition that there has been no misconception of the meaning of the term "burden of proof" by such authors, and that it logically follows that he who raises an issue in a case must establish that issue by a preponderance of testimony.    Especially is this true where such issue can only be maintained by overcoming a presumption which the law raises against him.

This view of the law renders unnecessary a decision on a motion to strike the statement of facts.

For the reasons given, the judgment is affirmed.

ANDERS, C. J., and SCOTT, HOYT and STILES, JJ., concur.