CASE 29—INDICTMENT FOR UTTERING A FORGED INSTRUMENT—MARCH 6.

# Colson v. Commonwealth.

### APPEAL FROM KNOX CIRCUIT COURT.

JOHN COLSON WAS CONVICTED OF UTTERING AND PUBLISHING A FORGED
INSTRUMENT AND HE APPEALS.    REVERSED.

FORGERY—CHARACTER OF WRITING FORGED.

Held:    Neither under the common law, nor under Kentucky Statutes,
section 1188, providing for the punishment of any person who
shall forge "any writing whatever, whereby fraudulently to ob-
tain the possession of or deprive another of any money or prop-
erty, or cause him to be injured in his estate or lawful rights,"
or who "shall utter and ·publish such instrument knowing it to
be forged," can a man be punished for publishing a writing to
which the name of a woman has been forged, purporting to be
an invitation to him to come to her house at night for a private
conversation.

JUDGE GUFFY, DISSENTING.

B. B. GOLDEN, ATTORNEY FOR APPELLANT.

The writing which the appellant is charged with uttering and
publishing is as follows: "Barboursville, Ky., July 27, 1900.—
Mr. John Colson—Sir: I want you to come *heare* sometime when
they is nobody *hear*, I have got something to tell you.    It is
about what you saw at mother's, an' don't fail to come.    You can
come some *nite* when *they hant* nobody *hear*.

ELLEN GOODIN."

This indictment is drawn under section 1188, Kentucky Stat-
utes, and under this indictment the appellant was convicted
and sentenced to the penitentiary for six years.

The indictment is bad on demurrer, but our contention is that
this writing can not be the *subject of forgery*, and it contains
no language injurious or prejudicial to any rights of Mrs. Goodin.

### AUTHORITIES CITED.

Ky. Statutes, sec. 1188; Chitty's Blackstone, vol. 3, p. 201;
Chitty's Crim. Law, vol. 3, star page 1022, 1039a, 1038, 1052;
Roberson's Crim. Law and Procedure, vol. 1, secs. 383, 392, 394,
397; Greenleaf on Evidence, vol. 3, sec. 103, note citing Common-

wealth v. Costello, 120 Mass., 358, and sec. 110; Underhill on Crim. Evidence, sec. 340; Jackson v. Weisiger, 2 B. M., 214; Com. v. Williams, 13 Bush., 267.

ROBT. J. BRECKINRIDGE, ATTORNEY GENERAL FOR COMMONWEALTH.

Having examined this record, the cases cited by the attorney for the appellant, and other authorities on the subject of for-gery and uttering a forged instrument, I am persuaded that the appellant is not technically guilty as charged in the indict-ment, therefore, respectfully decline to ask the affirmance of this case.

OPINION OF THE COURT BY JUDGE WHITE—REVERSING.

Appellant was indicted, tried, and convicted of the crime of uttering and publishing a forged instrument. His punishment was fixed at six years in the penitentiary, and he appeals. There was a demurrer to the indictment, which was overruled, and the sufficiency of the indictment is seriously questioned here. The instrument that was charged to have been forged and uttered and published by appellant is a letter purporting to have been written by Ellen Goodin, inviting the appellant to her house for a private conversation. It reads: "Barbourville, Ky., July 27, 1900. Mr. John Colson, Sir, I want you to come *heare* some time when they is nobody *hear*. I have got something to tell you. It is about what you saw at Mother's, an' don't fail to come. You can come some *nite* when *they hant* nobody *hear*. Ellen Goodin." In our opinion, it is clear that such writing is not the subject of indictable forgery. Indeed, the attorney-general, in his brief, confesses the insufficiency of the indictment. "To constitute an indictable forgery," says Mr. Bishop (section 533, 2 Cr. Law), "it is not alone sufficient that there be a writing, and that the writing be false. It must also be such as, if true, would be of some legal efficacy, real or

apparent, since otherwise it has no legal tendency to de-
fraud." In section 523 forgery is defined to be "the false
making or materially altering, with intent to defraud,
of any writing which, if genuine, might apparently be of
legal efficacy or the foundation of a legal liability." Mr.
Blackstone defines forgery to be "the fraudulent making
or alteration of a writing to the prejudice of another
man's right." 4 Bl. Com., 247. "Forgery is the false
making or alteration, with fraudulent intent, of any writ-
ing, by which the party committing the act may wrong-
fully obtain something of value to the prejudice of an-
other's rights because of the apparent legal efficacy of
the writing and its capacity to deceive." 13 Am. & Eng.
Enc. Law (2d Ed.) p. 1082. The statute upon which this
indictment is supposed to rest reads: "If any person
shall forge or counterfeit any writing whatever, whereby
fraudulently to obtain the possession of or deprive another
of any money or property, or cause him to be injured in
his estate or lawful rights, or if he shall utter and publish
such instrument knowing it to be forged and counter-
feited, he shall be confined," etc. Section 1188, Kentucky
Statutes. Just preceding this section there are set out
various instruments declared to be the subject of forgery,
and then this section (1188) follows. This section can not
mean that the forging or counterfeiting of any writing
is an indictable forgery. The writing forged or counter-
feited must be apparently such as will deprive a person
of property or estate of a legal right. The words "legal
right," as used in the statutes, evidently mean a right
that may be enforced in a civil action. The writing charg-
ed in the indictment to have been uttered with knowledge
that it was a forgery does not come within the class of
writings that either under the common law or the statute

are subjects of an indictable forgery. On its face there is no appearance of legal efficacy, nor of anything to injure any person in his estate or property or lawful rights. The judgment is reversed, and the case remanded, with directions to sustain the demurrer to the indictment.

Judge Guffy dissenting.

CASE 30—ACTION TO ENFORCE A JUDGMENT—MARCH 6.