BERG, Appellant, vs. UNITED STATES LEATHER COMPANY, Respondent.

*May 2—June 23, 1905.*

*Master and servant: Negligence: Personal injuries: Contributory negligence: Assumption of risk: Damages: Contracts of infants: Evidence.*

1. In an action by an employee for personal injuries alleged to have been caused by the dangerous condition of a sprocket chain operating machinery, the evidence, stated in the opinion, is *held* to require the submission to the jury of the questions of contributory negligence and assumption of the risk.
2. In an action for personal injuries by one who was a minor at the time of injury, it is error to rule out evidence of his indebted-

ness for physician's services and nursing during his illness re-
sulting from the injury, since these bills were for necessaries
for which he was liable.

3. In an action for personal injuries alleged to have been caused by
a defectively fastened bolt, it is error to exclude proof of the
usual and customary method of fastening such a bolt under
the circumstances in evidence.

APPEAL from a judgment of the circuit court for Chip-
pewa county: A. J. VINJE, Circuit Judge. *Reversed.*

For the appellant there was a brief by *W. M. Bowe* and
*B. B. Teeple,* attorneys, and a reply brief signed *Bundy &
Wilcox,* of counsel, and oral argument by *C. T. Bundy.*

For the respondent there was a brief by *Sanborn, Lamo-
reux & Pray,* and oral argument by *F. B. Lamoreux.*

WINSLOW, J.   This was an action by an employee to re-
cover for personal injuries resulting from the alleged negli-
gent maintenance by defendant of dangerous machinery in
its tannery at Stanley, Wisconsin.   The answer was a gen-
eral denial.   The plaintiff's testimony fairly tended to show
that he was twenty years of age at the time of the accident
and was unacquainted with the machinery; that he was set
at work, without warning, in a dark room, shoveling coal into
a long box or fuel conveyer beside which he stood; that on
the side of the conveyer, and between plaintiff and the con-
veyer, was a rapidly moving unprotected sprocket chain,
transmitting power from a shaft; that the end links of this
chain were fastened together with a horizontal bolt, through
the slot of which bolt a sharp nail projected more than an
inch on the side of the chain next to the plaintiff, which nail
he had not noticed; that as he was at work on the fourth day,
cleaning up coal from the floor with his shovel, the sharp
point of the projecting nail caught in his overalls as he was
bending over, and his leg was drawn between the chain and
the sprocket wheel, inflicting serious injuries; and that the
position of the bolt could as well have been reversed, so that

the nail would be on the inside of the chain, or a split key could have been used to fasten it.

Upon these facts the trial court held the plaintiff guilty of contributory negligence as matter of law and nonsuited the plaintiff. We regard this decision as erroneous. Doubtless the ordinary danger arising from the fact that the chain was not guarded or fenced, as required by sec. 1636*j*, Stats. 1898, was assumed by the plaintiff, because he was fully aware of that fact and worked without objection; but he assumed no risk which, in the ordinary careful use of his senses, he could not have discovered and of which he was in fact ignorant. It was a question for the jury whether, in consideration of the darkness of the room and all the surrounding circumstances, he should have discovered the risk resulting from the projecting nail, and it was also a question for the jury whether the defendant was negligent in maintaining the chain in that condition without warning to the employee. The case is essentially similar to the case of *Guinard v. Knapp-Stout & Co. Co.* 90 Wis. 123, 62 N. W. 625; *S. C.* 95 Wis. 482, 70 N. W. 671.

The plaintiff attempted to show the amount of his indebtedness for physician's services and nursing during his illness resulting from the injury, but the evidence was ruled out. This was error. Though he was a minor at the time, these bills were for absolute necessaries, and he was liable to pay them. *Jones v. Valentine's School,* 122 Wis. 318, 99 N. W. 1043. The court also excluded proof of the usual and customary method of fastening such a bolt under the circumstances in evidence. This evidence was plainly admissible upon the question of defendant's alleged negligence, on principles which are now quite familiar.

*By the Court.*—Judgment reversed, and action remanded for a new trial.