[No. 9064. Department Two. December 5, 1910.]

GEORGE E. SHAW, *Appellant*, v. WOODLAND SHINGLE
COMPANY, *Respondent*.[1]

APPEAL—REVIEW—HARMLESS ERROR. Error cannot be predicated
on the sustaining of an objection to testimony, where all the evi-
dence of the witness was admitted under other questions.

MASTER AND SERVANT — TOOLS— GUARDING MACHINERY—FACTORY
ACT—PRACTICABILITY—EVIDENCE—ADMISSIBILITY. Where the question
of practicability is in issue, it is not error to allow the defendant to
show by experts that other mills under similar circumstances had
found a certain guard for a shingle saw to be impracticable, under
Rem. & Bal. Code, § 6587, requiring guards for all machinery which
it is practicable to guard.

. SAME—INSTRUCTIONS. It would seem that an instruction requir- .
ing any practicable guard on a shingle saw which would still leave
it possible to operate the saw in a way to be "commercially prof-
itable," is the legal equivalent of Rem. & Bal. Code, § 6587, requir-
ing guards for all machinery which it is practicable to guard.

TRIAL—INSTRUCTIONS—PREPONDERANCE OF EVIDENCE. It is not prej-
udicial error to define the "fair preponderance" of the evidence to
be such as produces conviction in the mind, where the court qualified
the same by adding, "not the number of witnesses, but the most
credible evidence; that which satisfies the minds, the minds as
jurors."

Appeal from a judgment of the superior court for King
county, James Kiefer, Esq., judge *pro tempore*, entered Feb-
ruary 14, 1910, upon the verdict of a jury rendered in favor
of the defendant, in an action for personal injuries sustained
by an employee in a shingle mill. Affirmed.

*M. J. McGuiness, Reynolds, Ballinger & Hutson*, and
*Robert McMurchie*, for appellant.

*Peters & Powell*, for respondent.

CHADWICK, J.—Plaintiff was injured in a shingle mill,
owned and operated by the defendant at Ballard in King

[1]Reported in 111 Pac. 1070.

county. It is the contention of the plaintiff that he was put to work at a left-hand knot saw when he was a right-hand operator. We think that no further statement of the facts is necessary. Plaintiff brought this action to recover damages, and appeals from a verdict rendered in favor of the defendant.

It is first assigned that the court erred in sustaining an objection to testimony. A witness was asked whether he had seen a guard, a model of which was exhibited, or similar guards in use in shingle mills. After objection and some colloquy, the court ruled that the witness could "testify as to whether or not it is practicable to put a guard upon a saw of that kind." No exception was taken to this ruling, and the witness answered, "It is." He then answered that the particular guard was a practicable guard. Inasmuch as appellant proved by the witness all that he had set out to prove, we find no basis for this assignment.

It is further contended that respondent was permitted to show that other mills and more modern mills were not equipped with guards. It is not contended that a compliance with the statute, Rem. & Bal. Code, § 6587, can be excused by showing that other mills had not complied with the provisions of the law; but where, as in this case, the question of practicability was a direct issue before the jury, it cannot be held to be error, where the opinions of skilled persons are offered to prove the custom, although it may develop upon their examination that other mills with which they are acquainted and upon which their opinions are based have not found guards to be practicable. This case differs in this respect from *Daffron v. Majestic Laundry Co.*, 41 Wash. 65, 82 Pac. 1089, and *Johnson v. Northern Lumber Co.*, 42 Wash. 230, 84 Pac. 627, where there was no question as to the practicability of guarding the machinery, the only issue being whether it had been properly done. The statute provides:

"Any person, firm, corporation or association operating a factory, mill or workshop where machinery is used shall pro-

vide and maintain in use  .  .  .  reasonable safeguards for
all  .  .  .  machinery  .  .  .  which it is practicable to
guard and which can be effectively guarded with due regard
to the ordinary use of such machinery and appliances, and
the danger to employees therefrom." Rem. & Bal. Code,
§ 6587.

But it does not change the rules of evidence, and the question of practicability may be determined by any evidence which would be competent in other cases. Appellant recognized this rule in his own case by asking his witness Bullock if he had ever seen guards upon the upper portion of knot saws. It would seem that the rule could hardly be otherwise, when it is the law that the certificate of the state labor commissioner is *prima facie* evidence that the factory act has been complied with (Rem. & Bal. Code, § 6593), which is no more than saying that the machine could not be effectively guarded in any manner that would have permitted of its reasonable use. If it develops that knot saws in practically all other mills are without guards, it is competent evidence tending to sustain the finding of the commissioner whose duty it is to inspect all mills, and to meet the testimony offered to overcome the presumption raised by the certificate. For all mills are bound to maintain a standard which, under the factory act, is the highest degree of care consistent with the practical operation of the machinery.

"The distinction is in itself a simple one. (1) The conduct of others evidences the tendency of the thing in question; and such conduct e. g. in using brakes on a hill, felt shoes in a powder-factory, railings around a machine, or in not using them—is receivable with other evidence showing the tendency of the thing as dangerous, defective, or the reverse. But this is only evidence. The jury may find from other evidence that the thing was in fact dangerous, defective, or the reverse, and that its maintenance was or was not negligence, in spite of the above evidence. (2) Meanwhile, the substantive law tells them what the standard of conduct for negligence is; and this standard is a fixed one, independent of the actual conduct of others. To take that conduct as furnishing a

sufficient legal standard of negligence would be to abandon the standard set by the substantive law, and would be improper. This conduct of others, then, (1) is receivable as some evidence of the nature of the thing in question, because it indicates what is the influence of the thing on the ordinary person in that situation; but (2) it is not to be taken as fixing a legal standard for the conduct required by law."

"This distinction is patent enough, but it is sometimes judicially ignored. Such evidence is sometimes improperly excluded on the erroneous supposition that the mere reception of it implies that it is to serve as a legal standard of conduct. The proper method is to receive it, with an express caution that it is merely evidential and is not to serve as a legal standard." Wigmore, Evidence, § 461.

In *Crooker v. Pacific Lounge & Mattress Co.*, 34 Wash. 191, 75 Pac. 632, the rule was invoked by the plaintiff in the case, and the reception of testimony tending to show that it was the custom of sawmill men to guard ripsaws was assigned as error. This court said:

"We think the proof complained of was relevant on the question whether the appellant had exercised reasonable care in not following a custom in guarding ripsaws; not that a compliance with the particular custom would necessarily exonerate, or noncompliance necessarily charge it with negligence; but its conduct in that regard was a material fact for the consideration of the jury, in connection with the other facts and circumstances developed by the evidence in the case. See, *Bodie v. Charleston, etc. R. Co.*, 61 S. C. 468, 39 S. E. 715, wherein the court observes: 'It was for the jury to say whether such usual or customary method was such as a careful and prudent person should adopt under the circumstances.' "

The logic which sustains the rule in favor of the plaintiff, sustains it when invoked by the defendant. Such testimony was received in *Thomson v. Issaquah Shingle Co.*, 43 Wash. 253, 86 Pac. 588, although the question there was one of pleading; while the principle is squarely announced in *Sipes v. Puget Sound Elec. R.*, 54 Wash. 47, 102 Pac. 1057. The court said:

"The ruling of the court admitting testimony tending to show the flagging system in use on other roads of like character, is next assigned as error. The standard of due care is the conduct of the average prudent man. It would doubtless have been competent for the appellant to show that its flagging system was the one in general use on other roads of like character throughout the country, and it would seem equally competent for the respondent to prove that a like flagging system was not in use elsewhere. Such testimony would not be at all conclusive against the appellant, but it was proper for the consideration of the jury."

See, also, *Wabash R. Co. v. Farrell*, 79 Ill. App. 508; *Meyers v. Hudson Iron Co.*, 150 Mass. 125, 22 N. E. 631, 15 Am. St. 176; *Berg v. United States Leather Co.*, 125 Wis. 262, 104 N. W. 60; *Belleville Stone Co. v. Comben*, 61 N. J. L. 353, 39 Atl. 641.

It does not follow that such testimony would be competent in all negligence cases. There must be a similarity in the machinery or the surrounding circumstances, and that the rule may not be abused it has been held that the ordinary discretion vested in a trial judge is to be exercised in allowing or rejecting this character of testimony. *Ford v. Mt. Tom Sulphite Pulp Co.*, 172 Mass. 544, 52 N. E. 1065, 48 L. R. A. 96; *Dolan v. Boott Cotton Mills*, 185 Mass. 576, 70 N. E. 1025. The court brought the testimony within these rules of law by proper instruction, saying:

"In determining what machinery can and what cannot be effectively guarded in this matter, you may take consideration what is the custom of other prudent persons operating similar machinery with respect to guarding the same."

He also said, in ruling upon the admission of this evidence:

"It may aid the jury in determining the practicability of this guard or not. That is an issue in this case."

Appellant relies on *Barclay v. Puget Sound Lumber Co.*, 48 Wash. 241, 93 Pac. 430, but as we read that case it in no wise contradicts the rule as we believe it to be. The court there held that it was the duty of mill owners to "adopt such

guards as reasonable prudence, observation and care would suggest, regardless of the question whether other owners or operators of other mills have taken action on like machinery or not." But it was not held that, where the question was whether a machine could be guarded in an advantageous or practicable way, such evidence would be rejected. The case goes no further than to hold that such evidence will not fix a standard of conduct.

Appellant contends that the court erred in submitting the following question to the jury:

"Could that knot saw on which plaintiff was employed be guarded by any practicable guard which would still leave it possible to operate that machine for the purpose for which it was intended, in such a way as to make it commercially profitable to the owner of the mill, and enable the operator to earn a living wage."

The words "commercially profitable" are challenged, although it would seem that they are legally equivalent to the words of the statute which require machinery to be guarded only when it can be done without impairing its practicable use. In any event, the court in other instructions laid down the rule without the objectionable words; so that, if it was error, it cannot be held to be prejudicial.

It is also contended that the court improperly defined the term "a fair preponderance of the evidence," in that he said that it was such evidence as "produces conviction in your mind." But the court went further, saying that it meant "not the number of witnesses, but the most credible evidence; that which satisfies the minds, the minds as jurors." The words complained of were inadvertent, but as qualified do not seem to be sufficiently prejudicial to warrant a reversal of the case. The term "preponderance of evidence" has been defined in *McKenzie v. Oregon Imp. Co.*, 5 Wash. 409, 31 Pac. 748, and in thousands of other cases, and by textwriters. Proof to a demonstration is not required, and it is usually un-

fortunate to employ qualifying words when defining the necessity for a preponderance of evidence.

Other errors are assigned, but they are covered by what we have already said, and need no further discussion.

The judgment is affirmed.

RUDKIN, C. J., DUNBAR, CROW, and MORRIS, JJ., concur.