[No. 9982.    Department One.    February 15, 1912.]

E. A. PALMER *et al.*, *Respondents*, v. IRA HUSTON, *Appellant.*[1]

LOGS AND LOGGING—CONTRACTS—PERFORMANCE OR BREACH—PAR-
TIAL PERFORMANCE—DAMAGES. Upon breach of a logging contract by
defendant, plaintiffs can recover at the contract price for logs cut
and delivered by them up to the time of defendant's breach.

APPEAL — REVIEW — HARMLESS ERROR — COUNTERCLAIM—INSTRUC-
TIONS. Upon breach of a logging contract by defendant, an instruc-
tion that the defendant could counterclaim for damages sustained
by reason of plaintiffs' failure to fully perform the contract is
error favorable to the defendant of which he cannot complain.

TRIAL—INSTRUCTIONS—PREPONDERANCE OF EVIDENCE. An instruc-
tion that the preponderance of the testimony is the excess over the
amount necessary to balance the scales, entitling the party fur-
nishing it to a verdict, is proper.

Appeal from a judgment of the superior court for Cow-
litz county, McKenney, J., entered June 12, 1911, upon the
verdict of a jury rendered in favor of the plaintiffs, in an
action on contract. Affirmed.

*Frank Groundwater, Geo. W. Rowan*, and *W. H. Abel*, for
appellant.

*Joseph O'Neill* and *J. N. Pearcy*, for respondents.

CHADWICK, J.—This action was brought to recover a bal-
ance due on a logging contract, which plaintiff says was
breached by defendant. Defendant admits the contract, but
alleges that plaintiffs failed to perform, and sets up a coun-
terclaim for damages. A jury found against the defendant
upon all the issues in the case. From a judgment on the
verdict, defendant has appealed.

Appellant complains that the court instructed the jury
that they should return a verdict for the plaintiffs for all
the timber cut and placed in the Cowlitz river, at the agreed
price of $3.50 per M. Appellant says:

[1]Reported in 121 Pac. 452.

"It is our position that, if Palmer and Barstow voluntarily stopped performance, they could not recover upon their contract for their part performance. If they have any remedy at all, it will be upon a *quantum meruit.*"

We might so hold if we were at liberty to reject plaintiffs' theory of the case. The jury found defendant to be in fault, and this being so, plaintiffs could recover on their contract for the amount of logs delivered up to the time of the breach. The court gave the following instruction:

"Upon defendant's counterclaim, you are instructed that, if you find from the evidence that plaintiffs, after entering into this contract, wrongfully failed to perform said contract and abandoned their work under the same, and refused to carry out the cutting and delivery of logs under said contract, and that defendant was injured thereby, you must find for the defendant upon his counterclaim for such damages, if any, as you find he has sustained by reason of plaintiffs' breach of such contract, if you find there was a breach of contract on the part of plaintiffs."

It is said this is inconsistent with the instruction just considered; that the two cannot stand together. Here again appellant fails to take notice of respondents' case. Considering the theory of both parties to this suit, if there is any fault in the instruction, it is in this, that it fails to take notice of the charges that might properly be made as counterclaims in the event that the jury found for appellant. The instruction is more favorable to the appellant than the pleadings warrant, and he cannot complain.

Error is also predicated upon the court's definition of the term "preponderance of evidence." The court said:

"It is the excess over the amount of testimony necessary to balance the scales, and when we say the burden of proof is upon the party, we mean simply that he must furnish that excess before he is entitled to a verdict."

This definition was written by this court in *McKenzie v. Oregon Imp. Co.*, 5 Wash. 409, 31 Pac. 748, and upon that authority is approved.

There is no statement of facts in this case. Measured by the pleadings, and with the assumption that the several·allegations of the complaint were sustained by some evidence, we cannot say that any of the instructions complained of are erroneous or prejudicial.

Judgment affirmed.

DUNBAR, C. J., PARKER, CROW, and GOSE, JJ., concur.