[No. 11153. Department One. January 7, 1914.]

E. NICHOLSON, *Appellant*, v. W. M. NEARY, *Respondent*.[1]

BILLS AND NOTES—CONSIDERATION—FORBEARANCE—NEW NOTE FOR NOTE WITHOUT CONSIDERATION. Since forbearance to sue, to constitute a valid consideration for a new promise, must be upon a "well founded claim," there is no consideration for a note given to prevent a present action upon an accommodation note given by defendant to plaintiff without consideration.

BILLS AND NOTES — CONSIDERATION — PRESUMPTIONS — BURDEN OF PROOF—EVIDENCE—SUFFICIENCY. The *prima facie* presumption of a valuable consideration for every negotiable instrument, provided by Rem. & Bal. Code, § 3415, is not evidence, but a rule of law fixing the order of proof, and the presumption may be overcome, and the defendant may sustain the burden of proof, by the testimony of only one witness.

Appeal from a judgment of the superior court for Spokane county, Webster, J., entered February 11, 1913, upon

[1]Reported in 137 Pac. 492.

findings in favor of the defendant, in an action on a promissory note, tried to the court.   Affirmed.

*Belden & Losey* (*Henry R. Newton*, of counsel), for appellant.

*E. C. Macdonald* and *Oscar Cain*, for respondent.

CHADWICK, J.—Respondent gave a note payable to the order of appellant and for his accommodation.  Later appellant sent the note to his attorneys at Spokane for collection. Respondent was unable to pay, and upon request of the attorneys and to prevent a present action, he gave a new note for the amount due on the first note.   This action was brought on the second note.   Respondent answered denying consideration.   After hearing the testimony, judgment was rendered in favor of respondent.   Appellant was not present at the trial, nor was he a witness in his own behalf, although the court offered to adjourn the hearing until his deposition could be taken.

The fact that the original note was given for the accommodation of the appellant, and that there was no consideration therefor, is not denied in the record before us.   Appellant relies solely upon the legal propositions:  First, that forbearance to sue upon the first note is a sufficient consideration to support the promise of the note sued on; and second, that the proof is insufficient to show a want of consideration for the first note.   Appellant quotes the rule as laid down in 6 Am. & Eng. Ency. Law (2d ed.), p. 744, where this principle is extracted from the authorities:

"If a person be possessed of a right which he may legally exercise, his forbearance at the instance of the promisor to exercise it is a valuable consideration for the promise;"

and from Pollock on Contracts, page 166:

"Consideration means not so much that one party is profiting as that the other abandons some legal right in the present."

These definitions are comprehensive and well sustained. The question recurs, is the acceptance of a new obligation for an overdue promise made without consideration and the giving up of a right to begin a present action at law, such a forbearance as will create a consideration for the new promise? We have not found a case which in its facts is exactly parallel with the one at bar, nor has any been cited. The words "well founded claim" occur frequently in the books; that is, the forbearance must pertain to a claim upon which a recovery might certainly be had or where a recovery is at least doubtful. If the claim could not be enforced in law or equity for the want of a consideration for the promise, forbearance to sue will not constitute a valid consideration for a new promise. It is not the right to maintain an action which, when given up, furnishes a consideration. It is only when a recovery, if suit were maintained, would be certain, or at least doubtful. In general, the waiver of any legal or equitable right at the request of another is a sufficient consideration for a promise, but the mere privilege of filing a complaint is not a right that can properly be called either a legal or an equitable right.

"The words 'legal right' evidently mean a right that may be enforced in a civil action." 5 Words and Phrases, p. 4080, citing *Colson v. Commonwealth*, 110 Ky. 233, 61 S. W. 46.

"The compromise of doubtful rights is a sufficient consideration for a promise to pay money, but compromise implies mutual concession. Here there was none on the part of the payee of the note. His forbearance to sue for what he could not recover at law or in equity was not a sufficient consideration for the note." *Foster v. Metts & Co.*, 55 Mass. 77, 30 Am. Rep. 504.

"If the right is not doubtful there is no consideration, for there is neither benefit to the promisor nor detriment to the promisee, and therefore forbearance or a promise to forbear to insist on a claim clearly unenforceable cannot be a consideration." 9 Cyc. 341.

A father, while in a state of intoxication, was induced to execute a note for the indebtedness of an adult son. After

the maturity of the note, and while in a state of sobriety, he promised the holder to pay the note if he would wait until fall. It was held that the note, having been given while in a state of intoxication, was without consideration and could not be rendered valid by a subsequent promise and forbearance. The holder of the note could have made no previous demand on which a recovery could have been had. Consequently, a forbearance to sue was not a legal consideration. *Newell v. Fisher,* 11 Smed & M. (Miss.) 431, 49 Am. Dec. 66.

"It is a very ancient rule of law, that a promise to pay money, in consideration of forbearance to sue, when there is no legal cause of action, is without consideration and void." *Palfrey v. Portland etc. R. Co.,* 4 Allen 55.

A promise to pay in settlement of a controversy which has not assumed the form of a pending suit is without consideration, unless it is made to appear that there was some reasonable ground for the existence of the controversy and at least a possibility of recovery. *Allen v. Prater,* 35 Ala. 169. In *Sanford v. Royal Ins. Co.,* 11 Wash. 653, 40 Pac. 609, the court held that a wrongful assertion of a claim is no ground for compromise. That holding rests upon the principle that a wrongful claim will not furnish a consideration for the promise.

Plaintiff relies upon certain of our own decisions, namely, *Hutchinson v. Mt. Vernon Water & Power Co.,* 49 Wash. 469, 95 Pac. 1023, and *Snohomish River Boom Co. v. Great Northern R. Co.,* 57 Wash. 693, 107 Pac. 848. These cases are not contrary to, but are in line with, our present holding. In each of them the original claim was disputed or doubtful. Here it is not disputed that the note was given without consideration; that being so, the issue of an action, if it had been begun, would not be clouded by any doubt whatsoever. If counsel had availed themselves of the opportunity offered by the court to dispute the testimony of defendent that the note was given without consideration, another question might arise; but, as hereinbefore stated, this was not done, and the

case comes to us upon an admitted showing that there was no consideration to support the original promise. When controversies of this character arise between the parties to the instrument sued on, there is a growing disposition on the part of the courts to look into and through the entire transaction and to hold that a recovery cannot be had when it is sought on the sole ground that it was given in lieu of an unenforceable demand.

Finally, plaintiff insists that, however the rule may be, defendant has not sustained the burden of proof; that, under the statute, Rem. & Bal. Code, § 3415 (P. C. 257 § 47), every negotiable instrument is deemed *prima facie* to have been issued for a valuable consideration; and we are referred to *McKenzie v. Oregon Imp. Co.*, 5 Wash. 409, 31 Pac. 748; *Shaw v. Woodland Shingle Co.*, 61 Wash. 56, 111 Pac. 1070; *Palmer v. Huston*, 67 Wash. 210, 121 Pac. 452.

It is true, as suggested in these cases, that the burden of proof is upon one who pleads a want or failure of consideration, but it does not follow that the presumption of a consideration cannot be overcome by the testimony of one witness. It is within the peculiar province of the trial judge to measure and weigh the evidence. If he is satisfied, as he was in this case, that the note was without consideration and this, upon the faith and credit of the testimony of the defendant, it would be a usurpation on the part of this court to interfere with his findings and judgment. A presumption of fact is not evidence, but a rule of law fixing the order of proof. When proof is offered to rebut the presumption, the burden shifts, and it is incumbent upon the opposing party to sustain his case by competent evidence. *Scarpelli v. Washington Water Power Co.*, 63 Wash. 18, 114 Pac. 870; Elliott, Evidence, §§ 91, 92, 93; Wigmore, Evidence, § 2491; *Peters v. Lohr*, 24 S. D. 605, 124 N. W. 853.

There being no consideration for the original promise, and hence no demand enforceable at law or in equity, a forbearance to sue would not create a consideration for the sec-

ond promise; and defendant having sustained the burden of proof, it follows that the judgment of the lower court should be affirmed.

Affirmed.

Crow, C. J., Gose, Ellis, and Main, JJ., concur.