[No. 7195.   Decided May 28, 1908.]

H. R. HUTCHINSON et al., *Plaintiffs*, v. MT. VERNON WATER
AND POWER COMPANY, *Defendant*.[1]

PLEADING—CAUSES—SOURCES OF TITLE — SEPARATE STATEMENT—
ELECTION. In an action to establish water rights, based upon the plaintiffs' claims under (1) riparian ownership, (2) appropriation, and (3) contract, a motion to separately state the several causes of action and to elect upon which they will rely is properly overruled; since there was but one indivisible cause of action, and the independent sources of plaintiff's title do not constitute separate causes.

COMPROMISE AND SETTLEMENT—CONTRACT—CONSIDERATION. An agreement or compromise fixing the rights of several parties in the future use of the waters of a spring is supported by a sufficient consideration where the parties seeking to enforce the contract had previously claimed in good faith as riparian owners and appropriators of a specified portion of the water, and the compromise recites such claim and that the same is superior to the claim of the other party to the contract.

[1]Reported in 95 Pac. 1023.

CONTRACTS—FORFEITURE—CONSTRUCTION. In an action to enforce a contract, a clause of which provided that the plaintiffs' rights should remain the same in case of forfeiture by the defendant, the question of forfeiture is immaterial.

DAMAGES — SUBSTANTIAL DAMAGES — EVIDENCE — SUFFICIENCY — OPINIONS—COMPETENCY. The evidence is sufficient to establish substantial damages, and it is error to find only nominal damages, where it appears that, in violation of a contract, a water company failed for three years to supply water to plaintiff for the purpose of irrigating a garden tract of nine acres, whereby the crops failed to mature for lack of water and were materially damaged, and that the net value of the crop for 1904 was $600 less than it would have been, and for 1905, $700 less, and for 1906, $860 less, according to the estimate or opinion of one of the parties, which is competent but not conclusive evidence of the actual loss; and judgment for substantial damages will be given in at least the sum appearing to have been sustained.

Cross-appeals from a judgment of the superior court for Skagit county, Joiner, J., entered June 26, 1907, upon findings by the court, after a trial on the merits without a jury, establishing the right to the use of waters appropriated for irrigation purposes, but denying plaintiff judgment for damages. Affirmed on defendant's appeal and reversed on plaintiff's appeal.

*Million, Houser & Shrauger*, for plaintiffs.

*Willis B. Herr* and *Thomas Smith*, for defendant.

RUDKIN, J.—The plaintiffs are the owners of a small tract of land in the vicinity of Mount Vernon, in Skagit county, devoted largely to farming and gardening. On the 6th day of August, 1901, the plaintiff H. R. Hutchinson filed in the office of the county auditor a notice of appropriation of the water of a certain spring, situated on lands now owned by the defendant and flowing through a ditch or brook over and across the lands of the plaintiffs, to the extent of 432 cubic inches per second of time, for the purpose of irrigating the lands above described. Since the filing of this notice the plaintiffs have diverted and used the water flowing from

the spring for irrigation and domestic purposes to the extent of their appropriation, except in so far as their right to such use has been interfered with by the acts of the defendant. Some time prior to the 29th day of October, 1902, the defendant was incorporated for the purpose of supplying the inhabitants of the town of Mount Vernon with water for domestic purposes, and on the latter date the plaintiffs and the defendants entered into a written contract defining and regulating the rights of the respective parties to the use of the water flowing from the spring in controversy. This contract recited the filing of notice of appropriation by the plaintiffs, as above set forth; the filing by the defendant of a water right on the water flowing from the same spring in excess of the plaintiff's claim, should there be any such excess; that the defendant was about to erect a water system under a franchise from the town of Mount Vernon, and was desirous of securing water for its system from the spring, and that there was a question whether the spring would furnish sufficient water to irrigate the plaintiffs' land and supply the proposed water system. It was therefore agreed between the parties that the defendant might use sufficient of the water flowing from the spring to supply its system, but should at all times permit a sufficient overflow through the usual course or channel to irrigate the garden and celery garden of the plaintiffs to the extent of their appropriation as theretofore made; that, if the supply was not sufficient for the needs of both parties, the defendant should pump water from the Skagit river in sufficient quantities to make up the deficiency in the plaintiffs' appropriation, and discharge the same into the usual water course running from the spring; that the defendant should lay a pipe line from its reservoir to the plaintiffs' premises, and furnish water for certain purposes free of cost; that the plaintiffs did not relinquish any of their rights as appropriators; that a forfeiture might at any time be declared for the failure of the defendant to comply with the provisions

of the contract; that in case of forfeiture the defendant would permit water to flow from the spring in its usual channel sufficient in quantity to supply the needs of the plaintiffs and to the extent of their appropriation; and that the contract should continue in force for the period of thirty years. The defendant thereafter installed its water system and for some time complied with the provisions of the above contract, but during the years 1904, 1905, and 1906, the quantity of water permitted to flow through the plaintiffs' premises was materially less than called for by their appropriation and their agreement with the defendant. This action was instituted for the purpose of establishing the right of the plaintiffs to the use of the water in controversy, for an injunction and for damages. From a judgment awarding a permanent injunction as prayed, and for nominal damages, both parties have appealed, the plaintiffs from that portion of the judgment denying them substantial damages, and the defendant from the entire judgment. Inasmuch as both parties have appealed, we will refer to them as designated in the court below.

In their complaint the plaintiffs based their right or title to the water on three grounds: (1) As riparian owners on the water course through which the water flowed; (2) as appropriators; and (3), under the contract as above set forth. The defendant moved the court to require the plaintiffs to separately state their several causes of action, and later to require the plaintiffs to elect on which of their several causes of action they intended to rely. These motions were properly denied. In actions to recover or establish rights in property, each independent source through which a plaintiff claims does not constitute a separate cause of action. The ultimate facts upon which the plaintiffs relied for a recovery in this case were their right or title to the water and the defendant's wrongful interference therewith. This cause of action was one and indivisible, regardless of the sources through which the plaintiffs might claim.

The answer of the defendant attacked the plaintiff's right as riparian owners and as appropriators, on the ground that there was no water course to which riparian rights could attach, or from which an appropriation could be made. The answer further attacked the contract set forth in the complaint on several grounds: (1) Because the contract was executed in the name of the corporation without its authority; (2) because there was no consideration therefor; (3) because the contract had been forfeited and terminated by the act of the plaintiffs; and, (4) because of a settlement and adjustment of all rights growing out of the contract.

The court below held that the rights of the parties were fixed by the contract, and if this conclusion is correct, we need not consider the rights of the plaintiffs as riparian owners or appropriators, except in so far as such rights may constitute the consideration for the contract itself. The objection that the contract was not executed by authority of the corporation finds no support in the record and was abandoned at the trial. The claim that there was no consideration for the contract is equally without merit. The contract was manifestly entered into in good faith for the purpose of adjusting and placing beyond dispute the rights and claims of the respective parties to the water now in controversy, and the general rule in regard to such settlements is this:

"The rule is well settled that an agreement of compromise is supported by a sufficient consideration where it is in settlement of a claim which is unliquidated, where it is in settlement of a claim which is disputed, or where it is in settlement of a claim which is doubtful. There are cases to the effect that in order to support a compromise in avoidance of litigation the claim must be an actual one, founded upon a colorable right about which there is room for honest doubt and actual dispute, and with some legal or equitable foundation, and not one which is without foundation, and is known to be so, or is in its nature an illegal claim out of which no cause of action can arise in favor of the person asserting it. The usual test, however, as to whether a compromise and settlement is supported by a sufficient consideration is held to be not whether

the matter in dispute was really doubtful, but whether or not the parties bona fide considered it so, and that the compromise of a disputed claim made bona fide is upon a sufficient consideration, without regard to whether the claim be in suit or not. The law favors the avoidance or settlement of litigation, and compromise in good faith for such purposes will be sustained as based upon a sufficient consideration, without regard to the merits of the controversy or the character or validity of the claims of the parties, and even though a subsequent judicial decision may show the rights of the parties to have been different from what they at the time supposed. The real consideration which each party receives under such a compromise is, according to some authorities, not the sacrifice of the right, but the settlement of the dispute." 8 Cyc. 505 et seq.

This rule is amply sustained by the authorities, and the testimony brings the case at bar clearly within it. The contract recites the right or title under which the plaintiffs claim, and that such right or title is prior and superior to that of the defendant; the proof clearly shows that the contract was entered into in good faith for the purpose of adjusting and settling disputed claims, and that the claim of the plaintiffs was at least doubtful. Further than this, we are not required to go. The claim of forfeiture is not sustained by the testimony, but in any event the contract provided that the rights of the plaintiffs after forfeiture should be substantially the same as those guaranteed by the contract, so that the question of forfeiture is not material. The claim that there was a subsequent settlement and adjustment of all differences growing out of the contract is not sustained by the testimony, and upon the entire record we are satisfied that the judgment of the court below is clearly right in so far as the appeal of the defendant is concerned.

The plaintiffs have appealed from the refusal of the court to award them more than nominal damages. On the question of damages the court made the following findings:

"(4) That plaintiff's lands hereinbefore described, lay about a quarter of a mile south of said spring, and about nine acres of the same are in a high state of cultivation and

for a number of years last past have been used for gardening and for the raising of celery and general gardening, and for such purposes during the dry season of the year require irrigation in order to produce crops of such character."

"(8)    That during the years 1904, 1905 and 1906, the defendant, in violation of the terms of said agreement, failed and refused to furnish the water needed by plaintiffs, and at their request, either for purposes of irrigation, or domestic purposes, or for their stock, and failed to supply said water during the dry season of said years, as provided in said contract, to the full amount required and requested by said plaintiffs, said amount so required and requested not being in excess of the amount of said appropriation, and a short time prior to the bringing of plaintiff's action said defendant entirely repudiated said contract and does now repudiate the same, and refuses to carry out the terms thereof and supply plaintiffs with water, according to its terms and conditions, either for irrigation purposes, or for domestic use.    That during said periods defendant appropriated substantially the whole of the waters of said spring to its own use and now threatens to continue to do so in violation of said agreement."

"(7)    That during the years 1904, 1905 and 1906, the defendant, during a portion of the cropping season for said years, failed and refused to furnish the water as required by plaintiffs in pursuance of the terms of said contract upon their request, and by reason of such failure the celery and other garden products of said plaintiffs failed to properly mature, and they sustained damages each of said seasons by reason thereof, but the court finds that the evidence in the case is insufficient to enable the court to fix the amount, or make any estimate as to the damages sustained, for the reason that the evidence introduced in support thereof was not competent or proper evidence, and formed no basis for the court to make any independent estimate as to the damages sustained. The court therefore finds that plaintiffs are only entitled to recover in this case nominal damages, in the sum of Five dollars.    That if the evidence is competent and legally sufficient as proof of damages, then the court finds that thereunder plaintiffs would be entitled to recover damages for the three years 1904, 1905 and 1906 in the total sum of $2,160.00.    To all of which defendant excepts and its exception is by the court allowed.    To the court's finding that the

proof of damages is insufficient to establish any damages other than nominal damages, plaintiffs except and their exception is by the court allowed."

The conclusion of the court that the testimony was not competent to show more than nominal damages is, in our opinion, erroneous. The proofs clearly show that the crops were materially damaged during each of the years 1904, 1905, and 1906 for lack of water, and the court so found. One of the plaintiffs testified to the character of the crops grown, the injury to the crops for lack of water, and that the net value of the crop for 1904 was $600 less than it would have been had the plaintiffs been furnished water under the contract as agreed; that the net loss for 1905 was $700, and for 1906, $860. These several items doubtless made up the $2,160 referred to in the court's findings. This testimony was clearly competent and showed substantial damages. The finding or conclusion of the court: "That if the evidence is competent and legally sufficient as proof of damages then the court finds that thereunder plaintiffs would be entitled to recover damages for the three years 1904, 1905, and 1906 in the total sum of $2,160," is peculiar to say the least. Whether the testimony was competent presented a question of law, but whether it was legally sufficient as proof presented a question of fact upon which the court below should have found. While we are satisfied that substantial damages resulted to the plaintiffs, we are not willing to accept the estimate of one of the parties as to these damages where such estimate is largely a matter of opinion. We are convinced, however, that the plaintiffs suffered damages in at least the sum of $500, on account of the deprivation of water for the years referred to through the wrongful acts of the defendant, and the judgment will be modified accordingly. As thus modified the judgment must be affirmed, and it is so ordered. The plaintiffs will recover their costs on appeal.

HADLEY, C. J., FULLERTON, DUNBAR, CROW, MOUNT, and ROOT, JJ., concur.