[No. 14980.  Department Two.  May 1, 1919.]

J. E. BRACE, *Appellant*, v. HANS PEDERSON, *Respondent*.[1]

APPEAL (380) — REVIEW — UPON APPEAL FROM SPECIFIC ORDERS.
Upon appeal from an order granting a new trial, after judgment
for the plaintiff, the supreme court will not review alleged error in
withdrawing certain issues from the jury, as they are not essential
and do not affect the merits of the appeal.

SAME (388)—REVIEW—PARTIES ENTITLED TO ALLEGE ERROR—RE-
SPONDENTS. Upon plaintiff's appeal from an order setting aside a
verdict and granting a new trial, the court will not review errors
claimed by respondent in refusing his motion for a nonsuit or judg-
ment notwithstanding the verdict.

NEW TRIAL (22) — GROUNDS — SUFFICIENCY OF EVIDENCE. In an
action for damages to overflowed crops by the negligent maintenance
of dams, it is not an abuse of discretion to grant a new trial for
insufficiency of the evidence to sustain the verdict, where the evi-
dence as to damages was meager and largely a matter of opinion.

Appeal from an order of the superior court for
Walla Walla county, Mills, J., entered May 4, 1918, in
favor of the defendant, granting a new trial, after ver-
dict in favor of the plaintiff, in an action in tort. Af-
firmed.

*Chas. W. Johnson*, for appellant.

*John C. Hurspool* and *V. O. Nichoson*, for respond-
ent.

FULLERTON, J.—The respondent, Pederson, entered
into a contract with Walla Walla county to construct a
drainage ditch in what is known as drainage improve-
ment district No. 2, of that county. The contract called
for the completion of the ditch by July 20, 1915. The
record does not disclose when the ditch was actually
completed, although it does appear that it was not
completed within the time fixed in the contract, nor
for more than a year thereafter. The respondent

[1]Reported in 180 Pac. 917.

placed one Campbell in charge of the work. The appellant, and certain others whose claims were later assigned to him, owned lands adjacent to the ditch and subject to drainage thereby. The land is situated in an irrigated section, and the waters the ditch was intended to drain were the waste waters accumulating during the irrigating season; the greatest accumulation of the year probably being in the months of June and July.

Some time in March, 1916, before the cropping season and while work was in progress on the ditch, the appellant and certain of his assignors approached Campbell and inquired of him when the ditch would be completed and whether it would be safe for them to prepare and seed their lands to crops for the coming crop season. Campbell assured them that he would be through with the work on the ditch in about three weeks from that time, in ample time for the ditch to take care of the drainage waters of the irrigating season. The excavation work on the ditch was then practically completed, although it was not down to grade in all places, and at one place, below the lands of the appellant and his assignors, was a ledge of rock which remained to be removed. The appellant and his assignors, relying on the representations made by Campbell, prepared and seeded their lands to crops in the proper season during the spring of 1916. The ditch, however, was not completed within the time fixed by Campbell, nor for a considerable time thereafter. In the month of June, Campbell caused a dam to be placed across the ditch to hold the waters back while the ledge of rock was being removed. The ditch did not take care of the surplus waters, as was expected, and the crops planted on the lands were destroyed thereby before their maturity.

This action was instituted to recover the value of the crops destroyed. In his complaint, the appellant sets up the facts hereinbefore outlined, averring that the dam placed in the ditch by Campbell caused the water therein to back up and overflow the lands of himself and his assignors; that the dam was negligently placed therein by Campbell, and negligently and carelessly maintained therein, without regard to the growing crops, and that, as the result thereof, the crops were destroyed, to the damage of the appellant and his assignors, without fault on their part.

The appellant, at the trial, which was had to a jury, based his right of recovery in part upon the fact that the ditch was not completed within the time limited by the contract with the county, and in part upon the representations of the respondent's agent that the ditch would be completed in the year 1916, in time to take care of the waste waters of that season. The court, however, withdrew these questions from the consideration of the jury, submitting to them only the question whether the destruction of the crops was the result of a careless and negligent maintenance of the dam mentioned. The amount claimed as damages was $6,925. The jury returned a verdict for the appellant in the sum of $4,744. After the return of the verdict, the respondent moved for a new trial, basing his motion upon all of the statutory grounds. The trial court granted the motion, reciting in his order that it was granted "upon the ground and for the reason that the evidence is wholly insufficient to justify the verdict." The appeal is from this order.

The appellant urges in this court that the trial court erred in its rulings wherein it withdrew from the consideration of the jury the fact that the contract had not been completed within the time limited therein, and

the fact that the respondent's agent had misrepresented the time when the ditch would actually be completed, urging that they will become important should this court sustain the order of the trial court and a new trial be thus necessitated. But we cannot conclude that these questions are before us for review on the present appeal. In a case where the trial court excluded evidence offered by the party against whom the verdict was returned, and granted a new trial solely for that reason on the motion of the party, it may be that, on the appeal of the other party, the appellate court will inquire into the admissibility of such evidence; but this would be because the error was directly involved in, and affected by, the order from which the appeal was taken; not because a party appealing is entitled to have every claimed error occurring at the trial reviewed. The rule is that appellate courts will review those questions only which are essential to a determination of the case, not those a decision of which can be no more than advisory, in no way becoming a part of the law of the case. Manifestly the questions here suggested, however determined, cannot affect the merits of the order here appealed from. The court must still inquire whether there was error in the particular ruling, considering it as based upon the evidence permitted to go to the jury.

So with the claim of error asserted by the respondent. He claims that the court erred in refusing to grant his motions for nonsuit and for judgment notwithstanding the verdict. But the respondent is not yet legally aggrieved by any order of the court. There is no judgment against him. He stands in the position of one against whom an action is pending awaiting trial, and clearly has no cause of complaint cognizable in this court.

On the merits of the question actually before us, we find no error. The evidence, to our minds, disclosed a grave doubt whether the backwater from the drain caused the injury to the crops, or whether the injury was not the result of the generally incomplete condition of the ditch. Again, the evidence regarding the damages suffered was meager to say the least. It consisted of but little more than the estimates of the interested parties. While this may have been competent evidence of damage, under the rule announced by this court in the case of *Hutchinson v. Mount Vernon Water & Power Co.*, 49 Wash. 469, 95 Pac. 1023, the evidence was largely so far a matter of opinion as to warrant the trial court in concluding that the recovery was too. large. On the record as a whole, therefore, we can find no abuse of discretion in the order of the trial court, and the order will stand affirmed.

CHADWICK, C. J., PARKER, MOUNT, and HOLCOMB, JJ., concur.