[No. 16121.    Department Two.    April 22, 1921.]

## J. E. BRACE, *Respondent*, v. HANS PEDERSON, *Appellant.*[1]

WATERS AND WATER COURSES (101)—NEGLIGENCE—EVIDENCE—SUF-
FICIENCY. In an action for damages by flooding plaintiff's land and
destroying growing crops as a result of damming a drainage ditch
in course of construction, evidence that the crops had been planted
in reliance on the assurance of defendant's superintendent that the
ditch would be completed in ample time to take care of the seepage
water for the season was admissible to go to the jury, when limited
to the question whether the placing of the dam in the ditch was
negligence.

DAMAGES (61)—MEASURE OF—INJURIES TO GROWING CROP. The
measure of damages for injury to a growing crop is its market value
at the time of maturity, less the cost of tilling, harvesting and
marketing.

Appeal from a judgment of the superior court for
Walla Walla county, Mills, J., entered June 16, 1920,
upon the verdict of a jury rendered in favor of the
plaintiff, in an action in tort. Affirmed.

*John C. Hurspool,* for appellant.

*Chas. W. Johnson,* for respondent.

MAIN, J.—The purpose of this action was to recover
damages to growing crops claimed to have been caused
by the defendant's negligence. The cause was tried to
the court and a jury and resulted in a verdict in favor
of the plaintiffs in the sum of $6,925. A motion for
judgment notwithstanding the verdict was interposed,
also an alternate motion for a new trial. The motion
for judgment notwithstanding the verdict was over-
ruled and the motion for a new trial was denied con-
ditionally upon the plaintiff's electing to accept a ver-
dict and judgment in the sum of $5,500. The plaintiff

[1]Reported in 197 Pac. 625.

made the election, and the judgment was entered upon the verdict for the reduced amount. There had been a prior trial of the action and from an order granting a new trial an appeal had been prosecuted to this court. The opinion is reported in 106 Wash. 573, 180 Pac. 917. The motion for new trial in that case had been granted because the evidence as to damages was not sufficiently definite. In other respects the facts upon the record now presented do not materially differ from the facts stated in the former opinion.

The appellant entered into a contract with Walla Walla county to construct a drainage ditch in what is known as drainage improvement district No. 2, in that county. The contract called for the completion of the ditch by July 20, 1915. The contract was not completed at this time and not until subsequent to the cropping season of 1916. One S. A. Campbell as superintendent was in charge of the construction work for the appellant. The respondent, and three or four others whose claims were assigned to him, owned lands adjacent to the ditch and subject to be drained thereby. The land is situated in an irrigated section and the waters in the ditch were intended to drain the seepage water which accumulated during the irrigating season. Sometime in March, 1916, before the cropping season and while the work was in progress on the ditch, the respondent and certain of his assignors approached Campbell and inquired of him when the ditch would be completed and whether it would be safe for them to prepare and seed their lands for crop for the coming season. They testified that Campbell assured them that he would get through with the work on the ditch in about three weeks from the time that the conversation took place and in ample time for the ditch to take charge of the waters for that irrigating season. The

excavation work on the ditch was then practically completed, although it was not down to grade in all places, and at one place, below the lands of the appellant and his assignors, was a ledge of rock which remained to be removed.

The appellant and his assignors, relying on the representations made by Campbell, prepared and seeded their lands to crops in the proper season during the spring of 1916. In the month of June, Campbell caused a dam to be placed across the ditch to hold the waters back while the ledge of rock was being removed and other work was being done on the ditch. The respondent's theory of the action is that the placing of this dam in the ditch caused the water therein to back up and overflow the lands of himself and his assignors. It is claimed that the dam was negligently placed therein and negligently maintained without regard to the growing crops which the respondent and his assignors had planted subsequent to the conversation with Campbell. The backing up of the waters caused the lands of the respondent and his assignors to be flooded and the crops to be destroyed.

The first question is whether there is any evidence of negligence to take the case to the jury. Without deciding, it will be assumed that, if there was no fact other than the placing of the dam in the ditch, there would not be sufficient evidence of negligence. In addition to this fact, however, is the evidence that Campbell had assured the respondent and his assignors that the ditch would be completed in ample time to take care of the seepage water for that season and that, in reliance thereon, the crops had been planted. The court permitted the evidence as to the conversation with Campbell only as bearing on the question whether the placing of the dam in the ditch was negligence, and the

cause was submitted to the jury by instructions limiting the evidence to this purpose.

It is not the purpose of the action to recover upon these statements made by Campbell, but the evidence was only received for the purpose of permitting the jury to determine whether the dam was negligently placed in the ditch and negligently maintained therein. For this purpose the evidence was admissible, and we think it was a question for the jury to determine whether there was negligence. This is not a case wherein the contractor was constructing a work according to specifications, and damage resulted, but is a case wherein the manner of doing the work caused the damage. It is contended that Campbell, as superintendent, had no authority to make any statements that were binding upon the appellant. As already stated, it is not upon the statements of Campbell that the action is based but upon the matter of negligence in placing the dam in the ditch which caused the lands to be flooded. In placing the dam in the ditch, Campbell, being in charge of the work, was acting within the scope of his agency. It is also contended that the evidence does not segregate the damage which the crops sustained by reason of the backing of the water in the ditch and that which they sustained by reason of the seepage water. This question was submitted to the jury and the evidence, we think, was sufficiently definite to enable the jury to determine that the damage was caused from the ditch.

It is also claimed that the proof of damage is not sufficiently definite. Upon the former trial, as is already pointed out, the trial court granted the motion for new trial because the evidence was not more definite and certain. This court, in disposing of the matter, and referring to that evidence, said that, while it may have

been competent evidence of damage, the discretion of the trial court in granting the new trial would not be disturbed. Upon the second trial, the evidence as to the amount of damage sustained was more definite and certain and was sufficient to answer the requirements of the rule that the market value at the time of maturity less the cost of tilling, harvesting and marketing, is the measure of damages. *Shotwell v. Dodge,* 8 Wash. 337, 36 Pac. 254; *Hutchinson v. Mt. Vernon Water & Power Co.,* 49 Wash. 469, 95 Pac. 1023; *Berg v. Yakima Valley Canal Co.,* 83 Wash. 451, 145 Pac. 619, L. R. A. 1915D 292.

The other questions discussed in the briefs and which have been considered do not seem to be of sufficient importance to require a detailed discussion of them. It is sufficient to say that in none of them is there substantial merit.

The judgment will be affirmed.

PARKER, C. J., MITCHELL, TOLMAN, and MOUNT, JJ., concur.