[No. 17603.    Department One.    February 23, 1923.]

JOHN RODIA, *Respondent*, v. THE CITY OF SEATTLE, *Appellant*.[1]

DAMAGES (61)—MEASURE OF—INJURY TO GROWING CROPS.  In an action for the loss of garden crops through the flooding of land, evidence as to the profits from a similar crop on the land not flooded, and of a neighboring market gardener as to the profit per acre, is not such a divergence from the rule as to the market value at the time of maturity as to be prejudicial.

Appeal from a judgment of the superior court for King county, Brinker, J., entered March 25, 1922, upon the verdict of a jury rendered in favor of the plaintiff, in an action for damages to property through the breaking of a water main.  Affirmed.

*Walter F. Meier, Thomas J. L. Kennedy,* and *Frank M. Preston,* for appellant.

*Baxter & Jones,* for respondent.

MACKINTOSH, J.—The respondent owns and operates a market garden in the city of Seattle, and sues the city for damages for loss of crops on a portion of his garden, occasioned by negligent flooding through the breaking of a water main.  The action resulted in a verdict of the jury in the sum of $900, and the appeal from the judgment based on that verdict presents but one question, namely; whether the proper proof of measure of damages has been made.

It is conceded, and, in fact, the record would justify no other position being taken, that the city is liable; but it is argued that the testimony of the respondent and his witness does not comply with the rule established as to the proper measure of damages for the loss of a growing crop.  Both parties to the action

[1]Reported in 212 Pac. 1065.

admit that the rule has been announced by this court in *Shotwell v. Dodge,* 8 Wash. 337, 36 Pac. 254; *Fuhrman v. Interior Warehouse Co.,* 64 Wash. 159, 116 Pac. 666, 37 L. R. A. (N. S.) 89; *Berg v. Yakima Valley Canal Co.,* 83 Wash. 451, 145 Pac. 619, L. R. A. 1915D 292, and *Brace v. Pederson,* 115 Wash. 523, 197 Pac. 625, that the measure of damages is established by proving the market value at the time of maturity, less the cost of tilling, harvesting and marketing.

It is true that the testimony on behalf of the respondent does not consist in a question as to what would have been the market value at the time of maturity, nor in the further question as to what the cost of tilling, harvesting and marketing would have been, but, under the circumstances of this particular case, we do not feel that the technical divergence from the strict rule as to proof resulted in any prejudice to the appellant which would entitle it to a reversal of the case. The testimony as to the loss of the crop consisted in evidence by the respondent that on the remaining portion of the land not flooded, upon which was growing a crop similar to that growing upon the flooded land, he made a profit for the year in question in the sum of one thousand dollars, the two portions of the garden being about the same area; and the further evidence by the owner of a neighboring market garden that, considering the character of the crop planted, there should have been a profit of four hundred dollars an acre on the flooded portions for the year in question.

For the reasons stated, the judgment is affirmed.

BRIDGES, HOLCOMB, and MITCHELL, JJ., concur.