[No. 26639. Department Two. July 26, 1937.]

EVELYN JONES et al., Appellants, v. JESSIE S. REESE et al., Respondents.[1]

*Clark & Grady*, for appellants.

*Snively & Bounds, John Gavin,* and *E. N. Funk,* for respondents.

BEALS, J.—November 11, 1933, the defendant Jessie S. Reese entered the employ of Charles C. Reese as his housekeeper. Mr. Reese was then a widower and the father of four daughters, who are the plaintiffs in this action. Mr. Reese was in failing health, and during the month of June, 1935, went to Ellensburg to consult physicians and attend a clinic. While in Ellensburg, Mr. Reese and defendent were married, and a few days thereafter, Mr. Reese changed the beneficiary in three policies of insurance on his life from his daughter Evelyn Jones to his wife. Mr. Reese died August 21, 1935, sixty-one days subsequent to his marriage. He left some estate, consisting in part of a half interest in the estate of his deceased mother, Isabella Reese.

His widow having learned that at least some of her stepdaughters had been annoyed at their father's marriage and contemplated some legal action to her possible disadvantage, called on the attorney who was representing the estate of Isabella Reese, and discussed the situation with him. Thereafter, defendant went to Seattle with this attorney, and after some negotiations, she, with this attorney, met three of the plaintiffs and their attorney at the latter's office, where an agreement was prepared and signed by the parties present, which, after reciting the status of the parties, and that the plaintiffs were contesting defendant's claims in connection with their father's estate and as beneficiary under his life insurance policies, continued: "That in order to avoid litigation, and in consideration

of the benefits to be derived by the parties hereto by a friendly settlement of their opposing claims," the parties agreed: First, that defendant would resign as administratrix of her husband's estate; second, that defendant should receive six hundred dollars out of the proceeds of the insurance policies, out of which she would pay all funeral expenses and expenses of the last illness of her husband; and third and fourth, that the balance of the proceeds of the insurance policies and all the assets of the estate would be divided, one-third to defendant and two-thirds to the plaintiffs.

Another agreement was signed by Robert L. Reese, surviving executor of the estate of Isabella Reese, deceased, the defendant, and the three plaintiffs who were present, which provided for the occupation by defendant of a dwelling belonging to the Isabella Reese estate, and also provided that defendant would take care of the property belonging to that estate and receive therefor a percentage of rentals collected. The second agreement also provided that, if the expenses of the funeral and last illness of Charles C. Reese should amount to more than six hundred dollars, defendant should be repaid this balance out of the rentals accruing from the Isabella Reese estate at the rate of ten dollars per month, to be charged against the Charles C. Reese share of that estate.

Irene Ludicker, one of the plaintiffs, was not present at this meeting, but at a later date signed the first agreement above mentioned.

Defendant having refused to comply with this contract, plaintiffs instituted this action for specific performance thereof, making their stepmother a party defendant, together with several corporations; the corporate defendants, however, having no interest in the subject matter of the action save as to the payment of money admitted due to plaintiffs or defendant

widow. In this opinion, Jessie S. Reese will be referred to as though she were the sole defendant.

The case proceeded to trial before the court, and at the close of plaintiffs' case, the defendant moved that the action be dismissed, or that, in the alternative, a nonsuit be entered. On plaintiffs' motion, the case was reopened and further testimony received. When plaintiffs finally rested, the court stated that "the motion of defendant will be granted," and after the denial of plaintiffs' motion for a new trial, a decree was entered dismissing the action with prejudice, from which decree plaintiffs have appealed.

Respondent has moved to dismiss the appeal on the ground that the same was taken on appellants' behalf by attorneys not of record in the case, and without authority to take that step. Appellants were represented on the trial by an attorney whose name does not appear on the notice of appeal, but the supplemental statement of facts shows that the firm of attorneys who signed the same appeared on behalf of appellants on the argument of their motion for a new trial. As it does not appear that any objection was at that time made to the appearance of the counsel who appear before this court on behalf of appellants, and as their appearance was expressly recognized by the trial court, the motion to dismiss the appeal is denied.

Respondent argues, and the trial court agreed with her, that there was no consideration for the execution by respondent of the agreement above referred to, as appellants' contention that they were entitled to some relief as against respondent's claim to the proceeds of the insurance policies and her claim as widow to all or a portion of the Charles C. Reese estate had no foundation in fact or in law.

Respondent now argues that, as a beneficiary named in a policy of life insurance has no vested interest

20

therein, appellant Evelyn Jones under no circumstances could attack the change of beneficiary made by her father.

The rule as stated by respondent is correct, but its application is not so broad as she contends. Surely, one named as a beneficiary in a policy of life insurance can attack an alleged change of beneficiary on the ground that it was not the act of the insured, or for some reason was ineffective to accomplish the purported intent.

Respondent also argues that under no circumstances can a third party attack a marriage, citing the often recognized doctrine that, in the absence of statute, a third person has no right to intervene in divorce proceedings, and *Mohler v. Shank's Estate*, 93 Iowa 273, 61 N. W. 981, 57 Am. St. 274, 34 L. R. A. 161, where it was held that the guardian of an insane husband could not institute, on his ward's behalf, an action for divorce. These authorities do not, however, go so far as to hold that a child might not maintain an action seeking a decree adjudging that a purported marriage was, in fact, no marriage at all. We do not hold that any such action as we have here suggested on either branch of this case could be maintained by appellants, or by any person, as no such question is before us, but it would seem that the right to institute such a proceeding might well be supported by reasonable argument.

Respondent cites the case of *Gainsburg v. Garbarsky*, 157 Wash. 537, 289 Pac. 1000, in which we said:

"While it is true that forbearance to prosecute a valid claim may form the consideration for a promise, yet, as was stated by this court in *Nicholson v. Neary*, 77 Wash. 294, 137 Pac. 492, ' . . . the forbearance must pertain to a claim upon which recovery might certainly be had or where recovery is at least doubtful.' "

We are of the opinion that, at the time the parties hereto executed the agreement in question, it cannot be held that appellants' claims were not "at least doubtful."

Appellants rely upon the "family settlement" doctrine, citing *Collins v. Collins,* 151 Wash. 201, 275 Pac. 571, in which this court held valid an agreement whereby the children of a deceased mother agreed to a division of her estate differing materially from her testamentary disposition of her property. In the course of the opinion, this court said:

"While there are authorities to the contrary, notably in Kentucky and Alabama as cited in the brief, the great weight of authority is to the effect that an agreement by a legatee, under a will to pay money to an heir at law of the testator for forbearance of his right to contest the will, rests upon a valid consideration and is valid, and it is immaterial whether or not there were valid grounds for the contest."

Respondent argues that the doctrine relied upon by appellants is limited to the settlement of disputes arising in connection with wills, but this court, in the case cited, having adopted the liberal rule, we find no justification in authority or reason for limiting the application of the doctrine to threatened will contests, to the exclusion of such a situation as is here presented.

The record indicates *prima facie* that appellants, or some of them, were honestly of the opinion that they could maintain an action which would probably result in their receiving a greater amount either of the proceeds of the life insurance policies or of their father's estate than they would receive if no such claim were asserted. It also clearly appears that respondent was anxious to avoid such litigation.

We have before us only the evidence introduced by appellants. We are of the opinion that, from this ev-

idence, it cannot be held that the contract which appellants sought to enforce is void, either for want of consideration or for any other reason. Appellants made a case sufficient to put respondent upon her proof.

The record indicates that one of appellants, Irene Ludicker, did not sign the agreement until after respondent had attempted to repudiate the same, and respondent contends that, for this reason, the contract is not binding upon her. The record upon this point does not require affirmance of the judgment appealed from. This question may be raised by respondent upon her defense, and we express no opinion thereon.

For the reasons stated, the judgment appealed from is reversed, and the cause remanded for further proceedings.

STEINERT, C. J., MAIN, HOLCOMB, and ROBINSON, JJ., concur.