[No. 32042.   Department One.   June 26, 1952.]

THE CITY OF BELLINGHAM, *Appellant,* v. WHATCOM
COUNTY, *Respondent.*[1]

*Joseph T. Pemberton,* for appellant.

*Tom A. Durham* and *Jack Rowles,* for respondent.

GRADY, J.—The city of Bellingham instituted this action to recover sums of money for water furnished to Whatcom county for use in its garage and courthouse; also to secure a declaratory judgment that it is not obliged or required to furnish water free of charge to Whatcom county for use in its present courthouse.   Judgment was confessed with reference to the county garage.   It was conceded that the other two causes of action should be governed by the same rule of law.

The court sustained a demurrer to the first and third causes of action.   The city declined to plead further and the action was dismissed.

On or about December 8, 1902, the city of Whatcom, a predecessor of appellant, acquired title to a tract of land

[1]Reported in 245 P. (2d) 1016.

from the Fairhaven Land Company. State and county taxes had been levied upon the property and had not been paid. The city owned and operated a domestic water system. The county courthouse was located within the limits of the city.

On December 15, 1903, the city and county made a written contract by the terms of which the county promised to strike from the tax rolls the property the city had acquired from the Fairhaven Land Company if the city would pay to the county the state taxes that had been levied thereon. The county also promised to mark off the tax roll all county and municipal taxes then due and unpaid, and agreed that the city would not be required to pay any future taxes. The city promised to furnish water to the county courthouse free and clear of charge for the same length of time as the property, or the greater amount of it, remained off the tax roll.

Sometime after the contract was made the county constructed a garage on the courthouse site, and water was furnished for use therein. About March 1, 1950, the county commenced to occupy a new courthouse and abandoned the old one. It continued to use water in the garage and also used water delivered to the new courthouse. The latter required a much greater water supply.

The appellant advances the theory that the contract to furnish water for the courthouse free of charge was without consideration. It is urged that the tax lien upon the property acquired by the city became void upon title passing to the city, and therefore the promise to cancel the taxes by striking the property from the tax roll was not any consideration for the promise to furnish water to the county free of charge.

The problem would be of the easy solution suggested if the case of *Halvorsen v. Pacific County*, 22 Wn. (2d) 532, 156 P. (2d) 907, 158 A. L. R. 555, had been decided prior to the date when the city acquired the property. However, at that time the law relating to the status of tax liens on property after it was acquired by a municipal corporation was unsettled, except where declared by a statutory or constitutional provision. There was no statute declaring such a

lien to be void or unenforcible. Section 2 of Art. VII of the constitution provided that the property of municipal corporations should be exempt from taxation, but there had been no judicial construction of that provision to the effect that it affected a tax lien on property acquired by a municipal corporation. There existed a school of thought that, if property acquired by a municipal corporation then had a tax lien upon it, the municipality would take subject to the lien the same as an individual or private corporation. This court so decided in 1907 with reference to a water plant acquired by a city in *Puyallup v. Lakin,* 45 Wash. 368, 88 Pac. 578.

■■ We must conclude from the fact that the city and the county made the contract they in good faith believed the tax lien was a valid one. This belief, coupled with the doubtful state of the law on the subject, enabled the city to accept the promise of the county to remove the property from the tax roll in return for its promise to furnish water to the county. This principle of the law of consideration for a contract finds support in *Hutchinson v. Mt. Vernon Water & Power Co.,* 49 Wash. 469, 95 Pac. 1023; *Jones v. Reese,* 191 Wash. 16, 70 P. (2d) 811; *Opitz v. Hayden,* 17 Wn. (2d) 347, 135 P. (2d) 819; 12 Am. Jur. 577, Contracts, § 82; 17 C. J. S. 459, Contracts, § 104. The question is not so much whether a claim is really doubtful as it is whether or not the parties so consider it. This is regarded as the usual test when existence of consideration is to be determined.

Appellant advances the argument that there is nothing in the record to indicate the contract was a compromise and settlement of a dispute between the city and the county over the taxes, or they were the subject of litigation or threatened litigation, so that it could be said there was any forbearance to sue or otherwise enforce a claim for them. However, the property was burdened with a tax lien when it was acquired by the city. The lien continued to be an apparent cloud on the title. Whether the agreement between the parties was a compromise of a disputed claim or contained a promise to forbear the enforcement of a claim, is not material. The same rules and tests apply in both

cases. 17 C. J. S. 462, Contracts, § 105. The doubt as to whether the tax lien was valid and enforcible was sufficient to make the release of it by the county a consideration for the return promise by the city. The result amounted either to a compromise of a disputed claim or a forbearance to enforce the tax lien.

It is our opinion that the contract made between the city of Whatcom and Whatcom county was in all respects valid and enforcible and that the trial court properly sustained the demurrer.

The judgment is affirmed.

SCHWELLENBACH, C. J., MALLERY, DONWORTH, and WEAVER, JJ., concur.