[No. 32460.    Department One.    October 5, 1953.]

*In the Matter of the Petition of* THE CITY OF SEATTLE *to Take and Damage Property Under Ordinance No. 80892.*[1]

*Charles O. Carroll* and *Paul C. Gibbs,* for appellant.

*Eggerman, Rosling & Williams* and *Joseph J. Lanza,* for respondents.

MALLERY, J.—The city of Seattle commenced a condemnation proceeding against certain parcels of real property owned by respondents. Title to the condemned property vested in the city on January 14, 1953, when the amounts awarded by the jury were paid into the registry of the court.

When respondents applied for their awards, the clerk of the King county superior court conditioned delivery upon the payment of the 1953 real-estate taxes on the properties. He refused the offer of respondents to pay the pro rata portion of the taxes for the period from January 1, 1953, through January 14, 1953, when title to the properties passed to the city.

The order of the trial court, from which this appeal was taken, provided that the awards should be paid, less only

[1]Reported in 261 P. (2d) 416.

the pro rata portion of the 1953 taxes for the period from January 1, 1953, through January 14, 1953, during which respondents had title to the property. From this order King county appeals.

It is the contention of appellant that it should receive from the awards in the registry of the court the amount of the real-estate taxes for the entire year of 1953.

If RCW 84.60.020 [*cf.* Rem. Supp. 1943, § 11265] is applicable to the parties herein, it is decisive of the question involved, and we do not reach the remaining contentions made in the briefs. The statute in question reads:

"The taxes assessed upon real property shall be a lien thereon from and including the first day of January in the year in which they are levied until the same are paid, but as between the grantor and grantee of any real property, and as between the vendor and purchaser of any real property, when there is no express agreement as to payment of the taxes thereon due and payable in the calendar year of the sale or the contract to sell, the grantor or vendor shall be liable for the same proportion of such taxes as the part of the calendar year prior to the day of the sale or the contract to sell bears to the whole of such calendar year, and the grantee or purchaser shall be liable for the remainder of such taxes and subsequent taxes."

The appellant contends that the former owners and the city of Seattle are not the grantors and grantee, or the vendors and vendee of the lands in question, and that the statute is, therefore, not applicable to them. This is put upon the ground that a condemnation is a legal taking of land, not a sale or grant of it, since the real-estate excise tax is not collected as it would be if the transaction were a sale. We have held otherwise.

In *American Creameries Co. v. Armour & Co.,* 149 Wash. 690, 271 Pac. 896, and *Bethany Presbyterian Church v. The City of Seattle,* 154 Wash. 529, 282 Pac. 922, we held that the former owner and condemner stood in the relationship of grantor and grantee. If the city had acquired the property by purchase, this relationship could not be questioned. We know of no reason why an owner of land should be penalized for having the value of his property fixed by a

jury because he could not reach a voluntary agreement for its sale. If the condemner had been a private corporation seeking a way of necessity, the statute would be applicable. The grantors should be in no worse position because the grantee is a municipal corporation rather than a private corporation.

The appellant contends that the statute in question is applicable *inter sese* between the grantors and grantee. In other words, that the right of the county to collect taxes is not affected. This is true. The statute applies only between the parties as to who shall pay the taxes.

The respondents brought all of the parties before the trial court, and claimed the benefit of the statute. This made it necessary to decide whether or not the grantors owed the taxes. We are, therefore, giving the statute an application *inter sese* in nature when we say that they owe only the pro rata share of the taxes as prescribed by the statute. Not to apply the statute would be to repeal it. How or if the county gets the remainder of the taxes from the city, is not before us for decision. Under the rule of *Halvorsen v. Pacific County*, 22 Wn. (2d) 532, 156 P. (2d) 907, 158 A. L. R. 555, and *Bellingham v. Whatcom County*, 40 Wn. (2d) 669, 245 P. (2d) 1016, the tax lien becomes merged in the title of the city upon acquisition, and its exemption from taxation applies to past as well as future taxes. With this, respondents are not concerned.

It may be said in passing, however, that respondents cannot be made liable for the tax for the period when they did not have title to the property, simply because the particular grantee, in the instant case, is tax exempt. Their liability under the statute is not dependent upon who the grantee is.

We hold that the statute is applicable herein, and that the order pro rating the taxes was properly made.

The judgment is affirmed.

GRADY, C. J., WEAVER, and OLSON, JJ., concur.

HILL, J. (dissenting)—I dissent. The property with which we are concerned was subject to a lien for the taxes in ques-

tion from and including January 1, 1952, which lien became a mature and fixed obligation when the levy was made in October, 1952. RCW 84.60.020, Rem. Supp. 1943, § 11265 (part); RCW 84.52.030 [*cf*. Rem. Rev. Stat., § 11238]. To refer to them as the 1953 taxes is to beg the question.

The condemnation awards made by the jury on December 12, 1952, accepted by the city December 30, 1952, and paid into court January 14, 1953, stood in the position of the property. The county was entitled to the amount of its tax lien from that award.

Who may be the owner of the property or how long he owned it in any year, is of no concern to the county, and in my opinion that portion of RCW 84.60.020 on which the majority relies has not the slightest effect upon the lien for taxes. The reasoning which impels me to this conclusion was well expressed by Judge Schwellenbach in *United States v. Alberts*, 55 F. Supp. 217 (May 10, 1944), in which the statute in question was considered. I will not elaborate, but merely refer the concerned to that opinion.