[No. 1349-1. Division One—Panel 1. February 26, 1973.]

LEO J. ROSELLINI, JR., *Respondent,* v. ED BANCHERO *et al.,*
*Appellants.*

*Jerry T. Haggarty,* for appellants.

*Ferguson & Burdell* and *James E. Hurt,* for respondent.

FARRIS, J.—Banchero appeals from judgment of the trial court setting aside a contract for the reason that it was without consideration and was executed under duress.

In response to an invitation by the Bancheros to bid for the construction of a state liquor store, Leo J. Rosellini, d/b/a Rosellini Construction Company, submitted a bid together with an attached letter relative to the bid dated June 17, 1969. The bid was for a total price of $56,146 plus Washington state sales tax and was based upon plans and specifications submitted with the invitation to bid. Although Rosellini's bid was not the lowest submitted, the parties entered into an oral contract for the construction of the building on a cost plus basis with a maximum ceiling to Banchero of $56,146 plus state sales tax, plus any extra

work ordered by Banchero. The parties subsequently executed a written contract on October 17, 1969, when the job was nearing completion, fixing a maximum ceiling to Banchero of $52,000 plus state sales tax, plus any extra work ordered by Banchero.

The trial court ruled that the written contract was void for lack of consideration and because the contract was signed by Rosellini under duress. The court entered judgment for Rosellini in the sum of $56,146 plus $2,265.91 for extras, plus state sales tax on both items at the then rate of 4.5 percent per annum for a total sales tax of $2,628.54 and a grand total of $61,040.45, less credit for $51,437.42 paid, leaving a balance owing of $9,603.03. The trial court also awarded $1,500 in attorney fees. Banchero appeals.

Banchero argues that the October 17th contract is valid and binding upon the parties and that the total sum to which he is entitled including extras and sales tax is $54,302.23 which he computes as follows:

| | |
|---|---:|
| October 17, 1969 contract amount | $52,000.00 |
| Less direct payments to subcontractors | 1,304.86 |
| Plus extras | 1,268.75 |
| And sales tax | 2,338.34 |

There is substantial evidence in the record to support the trial court's finding of the sum due for extras. It will not be disturbed on appeal. *Thorndike v. Hesperian Orchards, Inc.*, 54 Wn.2d 570, 343 P.2d 183 (1959).

The question then is the validity of the October 17, 1969 contract. The trial court's finding of fact No. 4 defines the consideration for the contract.

On or about October 17, 1969, the defendant being dissatisfied with the progress of the jobsite, the apparent percentage of completion of the building, and the sum of money that had been paid to plaintiff at that point, made known his disappointment to plaintiff. Thereafter, a discussion ensued between the parties relative to the work done, the original contract price, the work to be completed to finish the job, and payments to date. At the time, plaintiff had requested a payment on account of $16,719.65 pursuant to the arrangement between the par-

ties, which provided that defendant would pay plaintiff's invoices as submitted during the progress of the job, evidenced by prior invoices submitted and payments received, as follows:

| July 16, 1969 | $8,450.00 |
| August 1, 1969 | 6,183.89 |
| August 22, 1969 | 5,213.83 |
| September 9, 1969 | 8,565.11 |

As a result of the discussion between the parties, defendant through his architect, prepared a purported agreement that among other things reduced the final contract price on the job to $52,000.00, plus the Washington State Sales Tax.

█ When parties to a cost plus contract have a dispute regarding the cost plus items and mutually agree to a compromise figure, there is consideration for the contract. *Rogich v. Dressel*, 45 Wn.2d 829, 278 P.2d 367 (1954); *Opitz v. Hayden*, 17 Wn.2d 347, 135 P.2d 819 (1943); *Hutchinson v. Mt. Vernon Water & Power Co.*, 49 Wash. 469, 95 P. 1023 (1908). The question then is whether Rosellini signed the document under duress or "business compulsion." The trial court did not specify the basis upon which it predicated its finding that the contract "was signed under duress by plaintiff."

█ In his brief and on oral argument to this court, Mr. Rosellini, through his counsel, argues that the following testimony is sufficient evidence to support the finding of business compulsion.

Q [Mr. Hurt, counsel for plaintiff]: When did you first see that agreement?

A [Mr. Rosellini]: In the morning after the day they had talked to me.

Q Did you sign it that very morning?

A Yes.

Q For what reason?

A Because I needed the money.

Q How many conversations had you had with Mr. Lucker or Mr. Banchero about the details of that agreement prior to your signing of it?

A The night before, the day before, at the shack.

Q At the shack?

A Uh-huh.

Q And the conversation with Mr. Banchero that night?

A Yes.

Q Did you ever agree with them prior to this time to this $52,000 figure?

A No.

Q Now, going into more detail, why did you need the money for this?

A Well, because I had no money in the bank at all and I had a lot of invoices to pay and a lot of bills to pay and the fact the roofer was right there and wanted his money for everything done on the roof. The block guy wanted his money for having done the block work, and I didn't have the money and that's why I submitted a bill for $16,000 in order to get paid to pay them, and he gave me a check for $8,000, which wouldn't cover those bills.

Q The roofer and the blocker, then, were on the job the morning—

A The roofer was there and the block guy had called the last three days in a row.

Q Wanting his money?

A Yes.

Q You had no other sources where you could obtain money?

A At that time I hadn't because my dad was out of town so I had no way of getting any extra cash.

Q And the bills incurred that you felt an obligation to pay were incurred because of this job?

A Correct.

Q Exclusively?

A Right.

Q And under the prior agreement between you and Mr. Banchero you were to receive these payments as you submitted the bills anyway?

A Right.

Q And had been receiving up to this time?

A Right, within a day or two.

Q With no indication prior to this that there was any dispute as to the amount?

A No.

Q Had he ever mentioned that you had been padding the bills or anything else prior to this?

A No.

We do not agree. The evidence at best would support a finding that Rosellini was "forced" to accept the price reduction because he needed the money.

> In order to substantiate the allegation of economic duress or business compulsion, the plaintiff must go beyond the mere showing of a reluctance to accept and of financial embarrassment. There must be a showing of acts on the part of the defendant which produced these two factors. The assertion of duress must be proven by evidence that the duress resulted from defendant's wrongful and oppressive conduct and not by plaintiff's necessities.

*W. R. Grimshaw Co. v. Nevil C. Withrow Co.*, 248 F.2d 896, 904 (8th Cir. 1957). *See also La Crosse Garment Mfg. Co. v. United States,* 432 F.2d 1377 (U.S. Ct. Cl. 1970).

When a disputed claim exists, it is not duress to refuse to make payment until the question of the amount due has been litigated. The parties can properly agree upon a compromise figure. Duress or business compulsion requires *wrongful* pressure. All pressure is not wrongful. *See* 13 S. Williston, *Contracts* § 1606 (3d ed. 1970). Here the acceptance of a lesser sum was caused by the acceptor's necessities, which is insufficient to support the claim.

Rosellini is entitled to recover

| | |
|---|---|
| $52,000.00 | the October 1969 contract award |
| 2,265.91 | for extras |
| 2,441.97 | sales tax at the rate of 4.5 per annum |

$56,707.88

Banchero paid

| | |
|---|---|
| $50,132.56 | direct payment to Rosellini |
| 1,304.86 | payments directly to subcontractors |
| 1,268.75 | payment tendered into court registry |

$52,706.17

Judgment should therefore have been entered for Rosel-

lini in the sum of $4,001.71. The award of attorney fees is reversed.

The cause is remanded for entry of judgment to Rosellini in the sum of $4,001.71 plus interest at the legal rate from date of judgment until paid.

SWANSON, C.J., and JAMES, J., concur.

Petition for rehearing denied May 17, 1973.

Review granted by Supreme Court July 24, 1973.